22070

Irvin D. PARKER, Consumer Advocate for the State of South Carolina, Appellant, v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION, Duke Power Company, South Carolina Textile Manufacturers Association, Monsanto Company, and Piedmont Utility Consumers Association, Respondents.

(314 S. E. (2d) 597)

Supreme Court

*Steven W. Hamm* and *M. Elizabeth Chastain*, Columbia, *for appellant.*

*John M. Bowen, Jr.*, of *McNair, Glenn, Konduros, Corley, Singletary, Porter & Dibble, Arthur G. Fusco* and *C. Dukes Scott*, Columbia, *Steve C. Griffith, Jr.*, and *W. Edward Poe, Jr.*, Charlotte, N. C., *Howard L. Burns* and *J. Michael Jordan, Burns, McDonald, Bradford, Erwin & Patrick*, Greenwood, *Robert Guild*, Charleston, *for respondent.*

March 28, 1984.

LEWIS, Chief Justice:

The State Consumer Advocate appeals from an order of the trial judge which affirmed an order of the South Carolina Public Service Commission granting a rate increase to Duke Power Company. Only two issues are presented for review. One challenges the action of the Commission in including the Company's operating reserve as a part of the rate base; and the other challenges the Commission's approval of a change in the Company's nuclear depreciation rate from 3.57% to 4.0%.

The public utility's *rate base* represents the total amount of funds provided by investors and upon which they are entitled to earn a reasonable rate of return. In arriving at the Company's rate base, the Commission included the operating reserves of the Company. The record clearly sustains the conclusion that the Company's operating reserves were derived from funds supplied by the rate payers and not from investors. It is contended, therefore, that, since the operating reserves were not supplied by the stockholders, they were not entitled to a return on these funds. We agree and accordingly hold that the operating reserves of the Company were improperly included by the Commission in the rate base. We recently so held in the case of *Parker v. South Carolina Electric and Gas Co.*, S. C., 313 S. E. (2d) 290, 1984. That decision is conclusive of the issue here.

The Company sought and the Commission granted a nuclear depreciation rate increase from 3.57% to 4.0%, with an accompanying increase in depreciation expenses. This action of the Commission is challenged on the ground that there is "no underlying factual basis" to support it.

It appears that, prior to this proceeding, nuclear generation facilities had been depreciated by the Company at the same rate as steam generation plants. That rate was 3.57%. The requested increase in the depreciation rate was for the purpose of recognizing anticipated "decommissioning" costs as a component of cost in the depreciation of nuclear power plants. The propriety of including decommissioning expense as a legitimate cost of service recoverable from customers using the nuclear plant is not questioned. Only the sufficiency of the evidence to sustain the present allowance of 4% is challenged.

It is conceded that the record shows no empirical basis for the 4% depreciation rate, the witness for the Company conceding that it was arrived at on the basis of "very uninformed information." No major nuclear plant has been decommissioned and no method or manner of decommissioning has been formulated by the Company.

The trial judge, in discussing this issue correctly stated: "A depreciation rate is, . . . , a percentage figure arrived at by estimating the life of a building, machine, etc., and transforming this into an annual figure based upon costs. The figure may be modified or adjusted by considering replacement cost, salvage value, and including costs of tearing down a worthless building, storage of waste, etc., usually termed 'decommissioning costs'. It should take into consideration both the physical life and the useful life of property, and should include such factors as obsolescence and supersession."

The record in this case is, to say the least, inadequate to form the basis of an assessment of the factors necessary for a determination of a depreciation rate.

While witnesses gave their *opinions* that a 4% depreciation rate was reasonable for rate making purposes, these opinions are of no probative value in view of the fact that there is no evidentiary showing of the facts upon which the opinion is predicated. *Young v. Tide Craft, Inc.,* 270 S. C. 453, 242 S. E. (2d) 671, 678.

Since there is no adequate factual basis for the 4% depreciation rate, the finding of the Commission in that respect is reversed.

Judgment is accordingly reversed and the present issues are remanded to the Commission for such further consider-

ation as may be proper in the light of the views expressed herein.

Motion was made by respondent to strike certain matters from appellant's brief. These matters were irrelevant and have not been considered.

Reversed and Remanded.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.