22513

Irvin D. PARKER, Consumer Advocate of the State of South Carolina, Appellant v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and Duke Power Company, Respondents.

(342 S. E. (2d) 403)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr.,* and *Nancy J. Vaughn,* Columbia, *for appellant.*

*Steve C. Griffith, Jr.,* Charlotte, N. C., and *Howard L. Burns,* Greenwood, *for respondent Duke Power Co.*

*Arthur G. Fusco* and *Sarena D. Burch,* Columbia, *for respondent S. C. Public Service Commission.*

Heard Feb. 13, 1986.

Decided March 31, 1986.

HARWELL, Justice:

Duke Power Company (Duke) filed a general adversary rate proceeding on August 1, 1979. The power rates were put into effect by Duke, under bond, beginning October 1, 1979. The South Carolina Public Service Commission (Commission) issued an order on August 29, 1980 approving, among other things, Duke's request for an increase in the depreciation rate applicable to nuclear facilities from 3.57% to 4%.

There were four successive general adversary rate proceedings filed by Duke subsequent to the 1979 case at bar. In

each of these proceedings, which was opposed by the appellant as an intervenor, the Commission applied the 4% depreciation rate to Duke's nuclear generating facilities for certain subsequent periods. None of these subsequent proceedings were appealed.

Appellant appealed from the finding of a 4% depreciation rate which was made in the 1979 general rate proceeding. The circuit court upheld it. On appeal, we reversed the Commission's approval of the increase due to the lack of an adequate factual basis to support the 4% depreciation rate and remanded the issue for further consideration in light of the views expressed in our opinion. *Parker v. South Carolina Public Service Commission,* 281 S. C. 215, 314 S. E. (2d) 597 (1984).

On remand to the Commission, Duke petitioned the Commission to hold a further hearing to take additional evidence and reconsider evidence in the record in order to determine the appropriate depreciation rate. Appellant opposed Duke's petition. A hearing was held in which additional evidence relating to the nuclear depreciation issue was admitted. The appellant specially appeared to contest the Commission's jurisdiction to receive this additional evidence.

The Commission, by order dated February 19, 1985, approved the 4% depreciation rate for Duke's nuclear generating facilities, concluding that the additional evidence presented at the December 1984 hearing provided an adequate factual and empirical basis for determining an appropriate depreciation rate for Duke's nuclear facilities. The appellant's Petition for Reconsideration of Order was denied. Appellant filed a Motion for Further Order on Remand to the circuit court. The court dismissed the motion. This appeal followed.

The appellant's main exceptions can be consolidated into two issues: 1) Whether the circuit court erred in finding that the Commission was authorized to take additional evidence at the hearing on remand; and 2) Whether the circuit court erred in finding that this appeal involves only the sixteen month period during which the 1980 rates were in effect.

The propriety of taking additional evidence concerning the nuclear plant depreciation rate at the hearing on remand before the Commission can be determined by review-

ing this Court's previous opinion in this case. On the issue of the rate increase we stated, "Since there is no adequate factual basis for the 4% depreciation rate, the finding of the Commission in that respect is reversed." *Parker*, 281 S. C. at 217, 314 S. E. (2d) at 599. We clearly found the 4% depreciation rate to be inappropriate based on the evidence presented at the Commission hearing.

Duke contends that since it did not establish a record adequate to support the 4% depreciation rate, this Court meant to allow them to introduce additional evidence at a subsequent hearing in order to support the prior request. Duke bases this contention on the portion of the prior case which states, "Judgment is accordingly reversed and the present issues are remanded to the Commission for such further *consideration* as may be proper in the light of the views expressed herein." *Parker*, 281 S. C. at 217-218, 314 S. E. (2d) at 599. (Emphasis added.)

■ The circuit court erred in sustaining the Commission's refusal to limit the scope of the hearing after remand to the evidence previously existing in the record. The Commission's action violates the clear language of our prior opinion. The use of the word "consideration" reveals that we intended the Commission merely to review the evidence which was admitted in the record of the hearing in 1980, not hold a new hearing for the admission of additional evidence. Unless this Court provides for the taking of additional evidence, no party may afford itself two bites at the apple. It was improper for the Commission to consider additional evidence.

■■ Due to Duke's failure to present adequate evidence, the 3.57% depreciation rate remained in effect. We must, therefore, determine the appropriate time period for which refunds, credits, or other rate adjustments are due. Ratemaking is a prospective process, not a retroactive one. *South Carolina Electric and Gas Co. v. Public Service Commission*, 275 S. C. 487, 272 S. E. (2d) 793 (1980). Any rate increases must be applied prospectively. Duke cannot be permitted to increase its rates in October 1979 based on evidence that was not presented until almost five years later. Until an adequate evidentiary basis was established to

support an increase, the 3.57% rate should have remained in effect.

On January 28, 1981, another general adversary rate ■ ■ proceeding order was issued by the Commission. This order, which approved and applied the 4% nuclear depreciation rate, was never appealed. No objection can be made to an appealable order from which no appeal has been taken. *Furbeck v. Crest Mfg. Co.*, 233 S. C. 169, 103 S. E. (2d) 920 (1958). All periods subsequent to January 28, 1981 are therefore governed by separate general adversary rate cases that were never appealed. We therefore affirm the circuit court's finding that this appeal relates only to the sixteen month period from October 1, 1979 to January 28, 1981. The 4% rate became effective when the Commission issued its January 28, 1981 order and no appeal was taken.

As an additional sustaining ground, respondents con- ■ ■ tend that this appeal should be dismissed since the matter was presented to the lower court following a final order of the Commission and after exhaustion of administrative remedies without the filing of a summons and petition for review as required by the State Administrative Procedures Act. We disagree. We need not decide whether a summons was necessary. The respondents waived any objection they may have had by appearing without raising an objection. *See Beard-Laney, Inc. v. Darby*, 208 S. C. 313, 38 S. E. (2d) 1 (1946). Similarly, we need not decide whether the "motion for Further Order on Remand" meets the Administrative Procedure Act's requirement of a "Petition for Judicial Review." The respondents were in no way prejudiced by the title of appellant's request for judicial review. Both respondents appeared in opposition to the motion. The motion clearly directed the court's attention to the errors allegedly committed by the Commission and clearly requested judicial review and redress of the Commission's order. Both the court and the parties understood the motion to be an appeal from the Commission's order.

On remand, the Commission is ordered to authorize a 3.57% nuclear depreciation rate for Duke from October 1, 1979 through January 27, 1981. It was not until the Commission issued a subsequent, unappealed order on January 28, 1981 that the 4% nuclear depreciation rate became effective.

The Commission is required to order Duke to make the appropriate refunds or adjustments in rates reflecting the same.

Any remaining exceptions are affirmed pursuant to Rule 23.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., and GREGORY, CHANDLER and FINNEY, JJ., concur.