22710

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. CENTRAL STATES HEALTH AND LIFE COMPANY OF OMAHA, John G. Richards, V, Chief Insurance Commissioner, and South Carolina Department of Insurance, Respondents.

(357 S. E. (2d) 5)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr.,* and *Nancy J. Vaughn, S. C. Dept. of Consumer Affairs,* Columbia, *for appellant.*

*James C. Gray, Jr.,* of *Nelson, Mullins, Riley & Scarborough,* Columbia, *for respondent Cent. States Health and Life Co.*

*Susanne K. Murphy,* of *S. C. Dept. of Ins.,* Columbia, *for respondents John G. Richards, V,* and the *South Carolina Dept. of Ins.*

Heard March 23, 1987.

Decided April 27, 1987.

HARWELL, Justice:

This is an insurance rate case. The Hearing Officer and Chief Insurance Commissioner allowed the 9% rate increase requested by Central States Health and Life Company of Omaha (Central States). The circuit court affirmed. We affirm in part; reverse in part; and remand.

Central States requested a 9% rate increase for its Major Medical Policy Form 280. The Hearing Officer of the South Carolina Department of Insurance recommended approval of the entire rate increase. The Chief Insurance Commissioner adopted the Hearing Officer's report in its entirety. The Consumer Advocate appealed, contending that the portion of the rate increase attributed to "medical intensity" was not based on substantial evidence. The circuit court found that the order was based on substantial evidence and affirmed the commissioner. We disagree.

The portion of the increase in dispute is based on the development of more effective medical technologies which engender more expensive methods to combat the same medical problems. This "medical intensity" factor is distinguishable from mere inflation which simply renders the *same* treatment more expensive when combating the same problem years later. In order to justify the portion of its 1985

rate increase request attributable to "medical intensity," Central States introduced the results of a study which was conducted from 1969-1978 and published in 1981. The witness for the Consumer Advocate testified that the development of medical technology had leveled off and this "medical intensity" was no longer a valid factor in determining a rate increase. No substantial evidence was presented by Central States as to the current impact of "medical intensity."[1]

The Hearing Officer stated in his report that, "I cannot say from the evidence whether new medical technologies are developing at the same pace of several years ago. . . ." Nevertheless, he went on to find that "the company's adjustment for intensity is not inappropriate in this proceeding." By the Hearing Officer's own admission, there was no reliable evidence upon which the portion of the rate increase attributable to "medical intensity" could be based.

Our scope of review in this case is set forth in the ██ Administrative Procedure Act. S. C. Code Ann. § 1-23-380 (1976, as amended). Under this scope of review, the Insurance Department's decision can be set aside if it is unsupported by substantial evidence. *Lark v. Bi-Lo, Inc.,* 276 S. C. 130, 276 S. E. (2d) 304 (1980). In the *Lark* case, we noted that the United States Supreme Court defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consolo v. Federal Maritime Commission,* 383 U. S. 607, 620, 86 S. Ct. 1018, 1026, 16 L. Ed. (2d) 131, 140 (1966). In the present case, we find that there is no relevant evidence in the record adequate to support an increase based on "medical intensity."

The Consumer Advocate appealed only the portion of the order dealing with "medical intensity." The remainder of

---

[1] The witness for the Insurance Department testified that he believed that improvements in health care technology were continuing and he had no reason to think that they were not continuing as they were in 1981. He stated, however, that he was not an expert in the field of medical technology and he could not say exactly how the intensity level had changed since 1981. This witness' opinion is of no probative value since there was no evidentiary showing of the facts upon which his opinion was predicated. *See Parker v. South Carolina Public Service Commission,* 281 S. C. 215, 314 S. E. (2d) 597 (1984), *modified,* 288 S. C. 304, 342 S. E. (2d) 403 (1986).

the order, therefore, stands as issued. The lower court's order is affirmed in part; reversed in part; and the case is remanded to the circuit court. The circuit court shall remand this case to the Commissioner who shall determine the appropriate rate to be charged by Central States consistent with this opinion.

Affirmed in part; reversed in part; and remanded.

NESS, C. J., GREGORY and FINNEY, JJ., and Acting Associate Justice BRUCE LITTLEJOHN, concur.