22877

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION And Piedmont Natural Gas Company, Inc., Respondents.

(368 S. E. (2d) 911)

Supreme Court

*Consumer Advocate Steven W. Hamm, Asst. Consumer Advocate Raymon E. Lark, Jr., and Staff Atty. F. David Butler of Dept. of Consumer Affairs, Columbia, for appellant.*

*Arthur G. Fusco, Sarena D. Burch of S. C. Public Service Comm'n, Columbia, Jerry W. Amos of Brooks Law Firm,*

Greensboro, N. C., and *Paul R. Hibbard* of *Johnson Law Firm*, Spartanburg, *for respondents*.

Argued March 8, 1988.

Decided May 23, 1988.

FINNEY, Judge:

Appellant Steven W. Hamm, Consumer Advocate for the State of South Carolina, appeals the circuit court's decision affirming a rate order issued by the South Carolina Public Service Commission (Commission), which granted Piedmont Natural Gas Company (Piedmont) an increase in revenues for its gas operations. We vacate the decision of the circuit court and remand this case to the Commission to substantiate the record and include in its order the basis for the adoption and approval of the use of retention factors.

On May 30, 1986, Piedmont filed an application with the Commission to increase certain rates and charges for its retail gas service. Appellant petitioned the Commission and was allowed to intervene as a party of record. On October 15, 1986, a public hearing was held on Piedmont's application. Piedmont asserted that a retention factor was necessary to accurately reflect revenue generated from any rate adjustment. Conversely appellant argued that use of a retention factor results in rate increases higher than necessary to afford Piedmont a fair and reasonable rate of return. After concluding that a retention factor was necessary to reflect proration of facilities charges and the fact that revenues are overstated unless adjusted by the retention factors, the Commission authorized the use of a retention factor to compute revenues. The circuit court affirmed the Commission's determination.

Appellant contends that the Commission violated the provisions of the Administrative Procedures Act by failing to make findings of fact to support its adoption of the revenue retention factors used in determining revenues for Piedmont. *See* S. C. Code Ann. § 1-23-350 (1986). We agree. The Public Service Commission's rate order and the circuit court's order fail to include findings of fact and appropriate conclusions of law to support the decision to adopt or authorize use of retention factors. Moreover, nei-

ther order adequately sets forth the methodology used to arrive at the retention factor.

A commission is generally given a wide range of ∎ discretion in utility rate cases, however, that discretion cannot be exercised without a factual basis to support the commission's decision. *Brown v. Johnson,* 276 S. C. 68, 275 S. E. (2d) 876 (1981). *See, e.g., Parker v. South Carolina Public Service Commission, Duke Power Co. et al.,* 280 S. C. 310, 313 S. E. (2d) 290 (1984). Because Piedmont supplied no derivation or explanation as to how it arrived at the retention factor, neither the Commission nor the circuit court provided underlying facts in its order to justify the use of a retention factor. *Id. See also Able Communications, Inc. v. South Carolina Pub. Service Commission and Farmers Telephone Cooperative, Inc.* 290, S. C. 409, 351 S. E. (2d) 151 (1986). For this reason, the decision of the circuit court is, hereby, vacated and the matter is remanded to the Commission for compliance with Section 1-23-350 of the South Carolina Code of Laws.

Because of our disposition of the foregoing issue, it would be premature to address appellant's remaining exception.

Remanded.

GREGORY, C. J., HARWELL and CHANDLER, JJ., and J. B. NESS, Acting Associate Justice, concur.