### 1350

Steven W. HAMM, Consumer Advocate for the State of South Carolina,
Appellant v. CENTRAL STATES HEALTH AND LIFE COMPANY OF
OMAHA, John G. Richards, V, Chief Insurance Commissioner, and the
South Carolina Department of Insurance, Respondents.

(381 S. E. (2d) 355)

Court of Appeals

*Steven W. Hamm, Raymon E. Lark, Jr.,* and *Nancy J.
Vaughn,* all of *S. C. Dept. of Consumer Affairs,* Columbia, *for
appellant.*

*James C. Gray, Jr.,* of *Nelson, Mullins, Riley & Scar-
borough,* and *Suzanne K. Murphy,* of *S. C. Dept. of Ins.,*
Columbia, *for respondents.*

Heard May 8, 1989.

Decided June 12, 1989.

*Per Curiam:*

This is an appeal from an order of the Circuit Court
dismissing a petition by appellant Steven W. Hamm, Con-
sumer Advocate for the State of South Carolina, for judicial
review of an order of respondents John G. Richards, V, Chief
Insurance Commissioner and the South Carolina Depart-
ment of Insurance. We certify the case to the Supreme Court
pursuant to Section 14-8-210(c) of the Code of Laws of South
Carolina, 1976, as amended.

Respondent Central States Health and Life Company of
Omaha filed an application for a rate increase with the
Insurance Commissioner. The Consumer Advocate inter-
vened and was made a party in the proceeding. The Insur-
ance Commissioner granted Central States the increase. The
Consumer Advocate appealed, contending that a part of the
increase was not supported by substantial evidence. The
Supreme Court reversed and remanded the case for a deter-
mination by the Commission of the appropriate rate to be
charged. The Court specifically required Central States to
refund any money erroneously collected. Central States filed

a petition for rehearing. In its petition, Central States contended that the Court was mistaken in requiring the refund. The Court granted rehearing and substituted an opinion for its previous opinion. The substituted opinion deleted the reference to a refund. 292 S. C. 408, 357 S. E. (2d) 5. On remand, the Insurance Commissioner reduced the rate increase but did not order a refund. Nor did the Insurance Commissioner take the overcharge into account in determining the appropriate rate. The Consumer Advocate petitioned for judicial review, contending that a refund should have been ordered. The Circuit Court dismissed the petition. This appeal followed.

The Consumer Advocate argues that the Insurance Commissioner has the authority, inherent or implied, to order a refund. In support of his argument, the Consumer Advocate relies on a pair of cases: *Parker v. South Carolina Pub. Serv. Comm'n,* 280 S. C. 310, 313 S. E. (2d) 290 (1984) (*Parker I*) and *Parker v. South Carolina Pub. Serv. Comm'n,* 285 S. C. 231, 328 S. E. (2d) 909 (1985) (*Parker II*). In *Parker I,* the Supreme Court remanded for the Public Service Commission to make an adjustment in the rate charged by a utility company. In *Parker II,* the Supreme Court held that, on remand, the Commission had erred by permitting the company to retain funds to which it was not entitled.

The Insurance Commissioner and Central States argue that the *Parker* cases are inapplicable because the powers of the Public Service Commission are different from those of the Insurance Commissioner. They argue that the Insurance Commissioner has no authority to order a refund because no such authority has been specifically granted by statute. In support of their argument, they rely on three cases: *Mungo v. Smith,* 289 S. C. 560, 347 S. E. (2d) 514 (Ct. App. 1986); *Calhoun Life Ins. Co. v. Gambrell,* 245 S. C. 406, 140 S. E. (2d) 774 (1965); *South Carolina Elec. & Gas Co. v. Public Serv. Comm'n,* 275 S. C. 487, 272 S. E. (2d) 793 (1980). Both *Mungo* and *Calhoun Life* held that, because administrative agencies are creatures of statute, their power is dependent on statute and that any reasonable doubt as to the existence of a particular power should ordinarily be resolved against the exercise of the power. *South Carolina Elec. & Gas Co. v. Public Serv. Comm'n* held that the Public Service Commis-

sion "does not have any implied power to award refunds in the nature of reparations for past rates or charges; such power must be expressly conferred by statute." 275 S. C. at 490, 272 S. E. (2d) at 795.

The Consumer Advocate argues that, despite the deletion of the reference to a refund, the substituted opinion of the Supreme Court should be interpreted as giving the Insurance Commissioner the authority either to order a refund or to take the overcharge into account in determining the appropriate rate. The Insurance Commissioner and Central States, on the other hand, argue that the relief sought by the Consumer Advocate would require the Insurance Commissioner to exceed and deviate from the specific instructions given by the Supreme Court. The Supreme Court is obviously better able than this Court to interpret its opinion.

This case involves an issue of significant public interest. Where a case involves such an issue, the Court of Appeals may, by a concurrence of at least four members of the Court, certify the case to the Supreme Court. Section 14-8-210(c), Code of Laws of South Carolina, 1976, as amended.

Accordingly, the case is

Certified to the Supreme Court.