23158

PIEDMONT NATURAL GAS COMPANY, INC., Respondent v. Steven W. HAMM, Consumer Advocate for the State of South Carolina and the South Carolina Public Service Commission, of whom Steven W. Hamm is Appellant, and South Carolina Public Service Commission is Respondent.

(389 S. E. (2d) 655)

Supreme Court

*Consumer Advocate Steven W. Hamm, Deputy Consumer Advocate Raymond E. Lark, Jr., Staff Atty. F. David Butler,* all of *Dept. of Consumer Affairs,* Columbia, *for appellant.*

*Jerry W. Amos,* of *Brooks Law Firm* of Greensboro, N. C., *Paul R. Hibbard* of *Johnson Law Firm,* of Spartanburg, *Sarena D. Burch,* of *S. C. Public Service Com'n,* Columbia, *for respondent.*

Heard Jan. 9, 1990.

Decided Feb. 20, 1990.

HARWELL, Justice:

Appellant Steven W. Hamm (consumer advocate) appeals the circuit court's order directing respondent South Carolina Public Service Commission (Commission) to reopen the record in this case for the purpose of taking additional evidence to support the Commission's prior approval of Piedmont Natural Gas Company's (Piedmont) use of a retention factor to compute revenues. We reverse.

## I. FACTS

On May 30, 1986, Piedmont filed an application with the Commission to increase certain rates and charges for its retail gas service. At the public hearing on that application, Piedmont asserted that a retention factor was necessary to accurately reflect revenue generated from any rate adjustment. Conversely, the consumer advocate argued that the use of a retention factor resulted in rate increases higher

than necessary to afford Piedmont a fair and reasonable rate of return. After concluding that a retention factor was necessary to reflect proration of facilities charges and that revenues would be overstated unless adjusted by the retention factors, the Commission authorized the use of a retention factor to compute revenues. The Commission denied the consumer advocate's motion for rehearing. On appeal, the circuit court affirmed the Commission's determination. The consumer advocate then appealed to this Court and a decision was issued in *Hamm v. South Carolina Public Service Commission*, 295 S. C. 429, 368 S. E. (2d) 911 (1988). In *Hamm*, this Court, citing S. C. Code Ann. § 1-23-350 (1986), vacated the order of the circuit court and remanded the matter to the Commission "to substantiate the record and include in its order the basis for the adoption and approval of the use of retention factors." *Hamm*, at 430, 368 S. E. (2d) at 912.

Following our remand, Piedmont filed a motion requesting that the Commission reopen the record in order to substantiate it. Piedmont's motion was denied and the Commission ordered Piedmont to remove the retention factor from its rates and to refund to its customers all revenues collected due to the use of the retention factor from the effective date of its original order, plus interest at the rate of 12% per annum. After its petition for rehearing was denied, Piedmont appealed to the circuit court. Both the consumer advocate and the Commission filed answers to Piedmont's petition for judicial review. Additionally, Piedmont filed a motion requesting that the circuit court issue an order directing the Commission to reopen the record for the purpose of taking additional evidence pursuant to S. C. Code Ann. § 1-23-380(e) (1986). The consumer advocate and the Commission filed a joint motion for sumary judgment.

The circuit court vacated the Commission's orders in which it refused to reopen the record and ordered the Commission to "reopen the record and receive such additional evidence as may be material and appropriate to substantiate the record." The circuit court also denied the joint summary judgment motion. This appeal, brought by the consumer advocate, follows.

## II. DISCUSSION

We vacated the circuit court's decision and remanded the case to the Commission to "substantiate the record" and include in its order the basis for the adoption and approval of the use of the retention factors. On remand, the Commission interpreted the term "substantiate the record" to mean that they should examine the existing record in the case for the basis for the adoption and approval of the retention factors. Finding that nothing in the existing record supported the use of a retention factor, the Commission ordered Piedmont to remove the retention factor from its rates and ordered refunds plus interest. On appeal however, the circuit court adopted Piedmont's interpretation of our direction to "substantiate the record" and ordered the record to be reopened to receive additional evidence to support the use of a retention factor. Obviously, the parties had and still have divergent views as to what we meant when we directed the Commission to "substantiate the record."

The controlling law in this case is set forth in *Parker v. South Carolina Public Service Commission and Duke Power Company*, 288 S. C. 304, 342 S. E. (2d) 403 (1986) (*Parker* II). In that case, Duke Power Company (Duke), pursuant to a request for a general rate increase, sought and the Commission granted a nuclear depreciation rate increase from 3.57% to 4%. The consumer advocate appealed to the circuit court arguing that there was no underlying factual basis to support the increase. The circuit court affirmed the order of the Commission. We reversed the order of the circuit court because there was no evidentiary support for the 4% depreciation rate and remanded the matter to the Commission for consideration in accordance with the views expressed in our opinion. *Parker v. South Carolina Public Service Commission and Duke Power Company*, 281 S. C. 215, 314 S. E. (2d) 597 (1984) (*Parker* I).

On remand, Duke petitioned the Commission to hold a further hearing to take additional evidence and reconsider any existing evidence in the record to determine the appropriate depreciation rate. Despite the consumer advocate's protests, the Commission proceeded to hold a hearing in 1984 and received additional evidence on the depreciation factor. In an order dated in 1985, the Commission approved

the 4% depreciation rate concluding that the additional evidence presented at the hearing provided an adequate factual and empirical basis for determining an appropriate depreciation rate. The case was ultimately appealed to this Court where we held that "[u]nless this Court provides for the taking of additional evidence, no party may afford itself two bites at the apple. It was improper for the Commission to consider additional evidence." *Parker* II, 288 S. C. at 307, 342 S. E. (2d) at 405.

Just as the Commission erred in *Parker* II in reopening the record to receive additional evidence, the circuit court in the present case erred in directing the Commission to do the same. Based upon *Parker* II, the Commission properly refused to reopen the record finding that the term "substantiate the record" did not provide for the taking of additional evidence. The use of the words "substantiate the record" means that we intended for the Commission merely to review the evidence which was already contained in the record,. not hold a new hearing for the admission of additional evidence. To hold otherwise would violate the precedent set forth in *Parker* II.

### III. CONCLUSION

We hold that the circuit court erred in directing the Commission to reopen the record in order to receive additional evidence to "substantiate the record." Consequently, we vacate the order of the circuit court and reinstate the order of the Commission dated October 26, 1988 which denied Piedmont's motion to reopen the record and ordered Piedmont to issue refunds plus interest. We do not need to address the consumer advocate's remaining exceptions.

Reversed.

GREGORY, C. J., and CHANDLER, FINNEY and TOAL, JJ., concur.