### 23706

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Respondents.

(422 S.E. (2d) 115)

Supreme Court

*Steven W. Hamm, Raymon E. Lark, Jr.* and *Elliott F. Elam, Jr.*, of *S.C. Dept. of Consumer Affairs*, Columbia, *for appellant.*

*Robert T. Bockman* and *Deborah A. Davis*, of *The McNair Law Firm*, Columbia, *for respondent SCE&G.*

*Marsha A. Ward* and *Gayle B. Nichols*, of *S.C. Public Service Com'n*, Columbia, *for respondent S.C. Public Service Com'n.*

Heard March 10, 1992.

Decided Aug. 31, 1992.

TOAL, Justice:

This appeal arises from a South Carolina Electric and Gas ("SCE&G") retail gas rate increase approved by the South Carolina Public Service Commission ("Commission"). The Consumer Advocate brings this appeal alleging the Commission erred in (1) including charges from SCE&G's parent holding company; (2) approving the income tax expense reflecting the adjustment between the estimated and actual tax expense in the tax year preceding the test year; and (3) allowing the litigation expenses.

*Holding Company Charges*

SCANA Corporation, the holding company of which ■ SCE&G is a subsidiary, provides certain services to SCE&G and its other affiliated companies. During the test year, the SCANA charges allocated to SCE&G retail gas operations totaled $650,721. The Consumer Advocate argues approving this expense was in error because the allocation was challenged and SCE&G failed to prove it was reasonable. SCE&G's witness, an accountant, testified the goals of the allocation procedures were to prevent cross subsidization. This witness testified he conducted an accounting audit of SCANA and SCE&G. This witness explained the company's allocation system. He testified at length how the audit was conducted including the various tests and counter checks performed. Based on his review, he opined SCANA and SCE&G's procedures provide for a proper allocation of costs to the cost causative affiliate. He also testified that based on his audit, he found these procedures were being followed. The Consumer Advocate argues that because the actual audit work papers and results were not in evidence, there is insufficient evidence to support this allocation. The Consumer Advocate relies on *Hamm v. South Bell Telephone & Telegraph Co.*, 302 S.C. 132, 394 S.E. (2d) 311 (1990) *cert. denied* — U.S. —, 111 S.Ct. 1018, 112 L.Ed. (2d) 1099 (1991) and *Parker v. South Carolina Public Service Commission*, 281 S.C. 215, 314 S.E. (2d) 597 (1984). In both the above cases, we held expert opinion testimony with no evidentiary showing of the facts upon which the opin-

ion is predicated was insufficient to constitute substantial evidence. The expert opinion testimony in the case at bar is distinguishable in that the factual basis of the opinion was provided. Although the audit work papers were not admitted as an exhibit, the substance of the audit and its results were brought into evidence through the oral testimony of SCE&G's witness. Accordingly, we affirm the inclusion of this expense.

*Income Tax Expense*

■ An income tax expense of 1.9 million was listed as one of SCE&G's expenses during the test year. The source of this expense was 1987 tax liability. The test year for this rate increase request ran from March 1988 to March 1989. The Consumer Advocate argues this 1987 tax liability expense is out of period and should be excluded. The testimony indicated that this expense is the difference between the estimated tax liability and the actual tax liability of 1987. SCE&G files their returns in September because it takes that long to gather the information. On the books, however, the estimated tax must be recorded in the previous December. There is a difference between the estimate and the actual amount every year; thus, this is a yearly adjustment. The Consumer Advocate does not argue this yearly adjustment was for an atypical amount during the test year. Further, there is no evidence in the record to suggest it is atypical. Therefore, the expense was properly included in the test year as a normal yearly expense.

*Litigation Expenses*

■ The Consumer Advocate argues SCE&G's litigation expenses during the test year were excessive and unreasonable. The Consumer Advocate introduced undisputed evidence showing the litigation expenses during the test year were almost three times higher than the preceding three calendar years combined. The Consumer Advocate maintains this sharp increase supports an inference of unreasonableness. We disagree. SCE&G explains the litigation cost incurred during the year was due to several property damage cases and a contract dispute. There is no evidence suggesting the costs were imprudently incurred. The Commission properly found that the expense was a necessary cost of doing business.

The Consumer Advocate further argues the expense was not a typical expense and an adjustment should be made so that the test year figures accurately reflect SCE&G's projected future expenses. We agree. The Commission order does not consider whether this expense, although prudently incurred, was typical. We remand this issue to the Commission for a determination of whether the allowance of this entire expense accurately forecasts SCE&G's future litigation expenses. *Hamm v. South Carolina Pub. Serv. Comm'n & South Carolina Elec. & Gas,* Op. No. 23706 (S.C. Sup. Ct. filed *August 31, 1992*).

Affirm in part, reverse in part, and remand.

HARWELL, C.J., CHANDLER, FINNEY and MOORE, JJ., concur.