THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE 
 CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Edward D. Sloan, Jr., individually, and a Citizen, Resident, Taxpayer 
 and Registered Elector of Greenville County,       
Appellant,
 
 
 

v.

 
 
 
Greenville County, a Political Subdivision of the State of South Carolina, 
 Dozier Brooks, Scott Case, Bob Cook, Joseph Dill, Cort Flint, Lottie Gibson, 
 Phyllis Henderson, Allen "Bunk" Johnson, Mark Kingsbury, Xanthene 
 Norris, Stephen Selby, and Robert Taylor,       
Respondents.
 
 
 

Appeal From Greenville County
John C. Few, Circuit Court Judge

Unpublished Opinion No. 2004-UP-277
Submitted April 6, 2004  Filed April 22, 2004

AFFIRMED

 
 
 
James G. Carpenter and Jennifer 
 J. Miller, both of Greenville, for Appellant.
Thomas H. Coker and Boyd B. Nicholson, Jr., both of Greenville, 
 for Respondents.
 
 
 

PER CURIAM:  Edward D. Sloan, Jr., suing 
 as a taxpayer and citizen of Greenville County, brought this action challenging 
 the sufficiency of a written determination by the county for the procurement 
 of design-build services for the countys 2001-2002 Roads Paving Program.  Sloan 
 alleged that the countys written determination was insufficient and, was therefore 
 arbitrary, capricious, ultra vires and an abuse of discretion.  
 He appeals the ruling of the trial court, finding the determination was sufficient, 
 granting judgment to the County, and dismissing the case with prejudice.  We 
 affirm.
FACTUAL/PROCEDURAL BACKGROUND
The Greenville County Code 
 (G.C.C. or the Code) prescribes the methods the County may use in awarding 
 contracts for construction services.  Generally, under the Code, the County 
 must procure construction services that exceed $15,000 through the competitive 
 sealed biding (CSB) process.  G.C.C. § 7-213.  However, the County may forego 
 the CSB method and utilize an alternative procurement and construction method 
 if one of several exceptions set out in the code applies.  One of these alternative 
 methods is the design-build services, turnkey management services, or construction 
 management services method (hereinafter collectively referred to as design-build 
 services).  Specifically, Greenville County Code § 7-212 provides in pertinent 
 part as follows: 

Unless otherwise required 
 by law, all county contracts shall be awarded by competitive sealed bidding, 
 pursuant to section 7-213 (competitive sealed bidding), except as provided in:
. . . 
(10) Section [7-242.5] 
 [1] (design-build services, turnkey management services, or construction 
 management services).

G.C.C. § 7-212.  The Code defines these services as approaches 
 to construction contract management that allow for the selection of a single 
 firm to perform and/or manage the complete design and construction of a project.  
 G.C.C. § 7-198.  
Greenville County Code § 7-242.5 sets out the guidelines 
 that the county administrator shall follow when exercising his discretionary 
 right to utilize the design-build construction method in lieu of the CSB method.  
 The administrator is to consider the method which, in his or her discretion, 
 is the most advantageous to the county and will result in the most timely, 
 economical and successful completion of the construction project.  This determination 
 must be stated in writing and included as a part of the contract file.  G.C.C. 
 § 7-242.5(a). [2]   If the county administrator determines use 
 of design-build services is most advantageous, and the project exceeds $5 million, 
 the administrators written determination must be submitted for review to the 
 county councils committee of the whole.  Notice of review must be presented 
 to the public, and an interested party has fifteen days to submit written comments 
 to the committee of the whole.  At the next committee meeting, members of the 
 public who submitted written comments may address the committee.  Following 
 comments, County Council may reject the design-build method.  If County Council 
 does not vote to reject the design-build method, the project goes forward.  
 G.C.C. § 7-242.5(b).  
In October 2001, the county administrator of Greenville County 
 made a written determination to use design-build service for the Countys 2001-2002 
 Roads Project. This determination called for the procurement of these services 
 through the competitive sealed proposal (CSP) method.  The County gave public 
 notice of the determination, inviting the public to make comment upon it.  The 
 administrator submitted the determination to county council at its committee 
 of the whole meeting and council did not reject the proposal.  Following a selection 
 process pursuant to G.C.C. § 7-215, governing the CSP method, the County entered 
 into a contract with a contractor for the performance of the project.  
In November 2001, Sloan filed a summons and complaint challenging 
 the sufficiency of the determination and seeking declaratory and injunctive 
 relief.  While admitting that the County had prepared a written determination, 
 Sloan alleged that the County failed to include sufficient facts and rationale 
 based on those stated facts to justify an exception to competitive sealed bidding.  
 Thus, he alleged that the determination was arbitrary, capricious, ultra 
 vires and an abuse of discretion.  
The trial judge held that Sloan had utterly failed to meet 
 his burden of proof on [the] claim.  Instead of concluding that the document 
 arbitrarily triggered the exception, the trial judge found that the written 
 determination contained several well-reasoned conclusions supported by empirical 
 data and prior County experience to support the county administrators decision 
 to use the design-build/CSP method.  This appeal followed.
LAW / ANALYSIS
The action before us now is nearly identical to a suit recently 
 ruled on by this Court concerning the same parties of the present case.  The 
 current case differs from the previous suit, also brought by Sloan against Greenville 
 County, only in that it challenges a different written determination for use 
 of the design-build/CSP method than the three determinations in prior years 
 challenged by the previous case.  Sloan v. Greenville County, 356 S.C. 
 531, 590 S.E.2d 338 (Ct. App. 2003) (hereinafter Sloan I).  As in the 
 previous case, the primary issue here is the validity of the Countys determination 
 to use design-build/CSP source selection instead of competitive sealed bidding.  
 Since the present action was brought before the filing of the first cases opinion, 
 several issues extensively discussed and conclusively determined by the prior 
 case are raised again here.  As such, we give these matters only a cursory treatment 
 here and focus instead on the sufficiency of the particular written determination 
 at issue in this case.
I.  STANDARD OF REVIEW
As in Sloan I, Sloan contends this is an action in 
 equity such that this court has jurisdiction to find facts in accordance with 
 our own view of the preponderance of the evidence. 
 [3]   The county argues this action is one at law and this court should, 
 accordingly, apply an any evidence standard of review. 
 [4]   We agree with Sloan that this action is properly characterized as 
 one in equity, and we should therefore apply the preponderance of the evidence 
 standard of review.
In Sloan I, after considering that the main purpose 
 of the suit was to enjoin the County from awarding contracts in a manner which 
 Sloan claims is ultra vires under Greenville Countys procurement 
 code, and the fact that Sloan did not seek monetary damages, but instead sought 
 a judgment to prevent the County from awarding future public works contracts 
 in the manner employed, we held this type of action is appropriately characterized 
 as equitable, and should be reviewed under the preponderance of the evidence 
 standard.  We further noted, however, that under this broad scope of review, 
 we are not required to disregard the findings of the trial judge.  Id. 
 at 544-46, 590 S.E.2d at 345-46.
II.  JUSTICIABILITY 
 OF SLOANS CLAIMS
Greenville County contends that this case is not properly 
 justiciable because Sloan lacks standing to challenge the Countys contract 
 awards.  This same issue was raised in Sloan I.  There we noted, while 
 generally a taxpayer may not maintain a suit to enjoin the action of State officers 
 when he has no special interest and his only standing is the exceedingly small 
 interest of a general taxpayer, the rules of standing are flexible, and one 
 may assert taxpayer standing if he demonstrates some overriding public purpose 
 or concern to confer standing to sue on behalf of his fellow taxpayers.  Id. 
 at 548-49, 590 S.E.2d at 347.
As in Sloan I, we find Sloan has standing 
 in this case.  He has the same interest as a taxpayer in how public funds were 
 spent on large projects requiring the expenditure of millions of taxpayer dollars, 
 this burden was borne exclusively by the taxpaying citizens of Greenville County, 
 and Sloan therefore had a real, material, and substantial interest in whether 
 the County properly followed the procurement procedures set out in the county 
 code.  Id. at 551, 590 S.E.2d at 349.  The issue in the present case 
 is also of sufficient public importance to confer taxpayer standing.  See 
 Id. at 551, 590 S.E.2d at 349 (finding taxpayer public importance standing 
 in similar case involving issue of competitive bidding procurement because public 
 entities must be accountable under the laws and regulations which govern how 
 they spend public money). For these reasons, we conclude that the trial court 
 correctly determined Sloan had standing to pursue this declaratory judgment 
 action.
III. ADMISSIBILITY OF EVIDENCE REGARDING THE WRITTEN DETERMINATIONS
Sloan argues the trial court erred by allowing 
 the county to present evidence regarding the written determinations for the 
 use of the design-build/CSP method of source selection.  He contends that since 
 the trial court was seeking to determine the sufficiency of a written determination, 
 its inquiry should be limited to the facts contained within the four corners 
 of that writing.  We disagree.
Again, this issue was decided under a nearly identical 
 factual scenario in the Sloan I decision.  As in Sloan I, the 
 testimony in question in this case extended beyond the confines of the written 
 determinations that were submitted to County Council.  Sloan I, 356 S.C. 
 at 560-62, 590 S.E.2d at 354-55.  As we did in the prior case, we find that 
 this evidence was material and probative to the trial courts inquiry into the 
 sufficiency of the written determination, and its admission was proper in order 
 to educate the court, as the finder of fact, of the surrounding circumstances 
 and fill in the gaps so that the court might have a better understanding.  
 Id. at 562, 590 S.E.2d at 355.  Just as in Sloan I, Sloans reliance 
 here on Piedmont Natural Gas Co. v. Hamm, 301 S.C. 50, 389 S.E.2d 655 
 (1990), and Parker v. South Carolina Pub. Serv. Commn, 288 S.C. 304, 
 342 S.E.2d 403 (1986), is misguided, for [b]oth Piedmont Natural Gas 
 and Parker stand for the rule that after a case has been remanded by 
 an appellate court, a party cannot submit additional evidence unless the appellate 
 court has given leave to do so. Id. at 562, 590 S.E.2d at 354.  The 
 present case does not concern the admission of additional evidence upon remand 
 from appeal, but the trial courts initial consideration of evidence at trial.  
 As such, the cases cited by Sloan are not applicable to this analysis.  
IV.  SUFFICIENCY OF THE WRITTEN DETERMINATION
Having found Sloans claims to be properly reviewable 
 by this court and the disputed testimony to be properly admitted at trial, we 
 now review whether the written determination published by the County is sufficient 
 under the Greenville County Code and this Courts prior decision in Sloan 
 I. 
The Greenville County Code grants the County the 
 discretionary power to use design-build/CSP source selection rather than the 
 traditional CSB method.  County Code § 7-242.5(a).  A discretionary decision 
 of a legislative body should not be upset on appeal unless such determination 
 is arbitrary, unreasonable, in obvious abuse of discretion, or in excess of 
 lawfully delegated power.  Sloan I, 356 S.C. at 555-56, 590 S.E.2d at 
 351; Smith v. Georgetown County Council, 292 S.C. 235, 238, 355 S.E.2d 
 864, 866 (Ct. App. 1987).  Since the use of the design-build method may raise 
 concerns among citizens of the County, [5] it is limited under the Code 
 to those situations in which it is properly justified.  In justifying the exercise 
 of this discretionary power, the county administrator or his designee must consider 
 the method which in [his or his designees] discretion is the most advantageous 
 to the county and will result in the most timely, economical, and successful 
 completion of the construction project.  G.C.C. § 7-242.5(a).  Additionally, 
 the determination of this method of source selection must be stated in writing 
 and included in the contract file.  Id. 
Considering the underlying legislative intent and guiding 
 policies of the Greenville County Code, this Court has held that a written determination, 
 required by section 7-242.5, must serve the following dual function:

The determination must first effectively inform county council 
 of the reasons why design-build source selection works to the Countys best 
 advantage for the project at issue.  Equally important, the determination must 
 provide the citizens of Greenville County a window into the Countys decision-making 
 process--safeguarding the quality and integrity of the contract awards through 
 public accountability.  

Sloan I, 356 S.C. at 556, 590 S.E.2d at 351-52.  If 
 the written determination provides sufficient factual grounds and reasoning 
 for the County Council and the public to make an informed, objective review 
 of these decisions, then it has accomplished its purpose.  Id. at 556, 
 590 S.E.2d at 352.  In other words, if County Council and the public can look 
 to the written determination and comprehend the Countys rationale in utilizing 
 the design-build method as arguably the most timely, economical, and potentially 
 successful option, then the determination is sufficient.
The written determination to use design-build source 
 selection for the Roads 2001-2002 project was prepared by Greenville County 
 Administrator Steven Stewart.  Like the prior years projects at issue in Sloan 
 I, Stewarts determination addresses County Councils time, budget, and 
 quality requirements and sets forth the project-specific reasons why design-build 
 rather than traditional competitive sealed bidding procurement serves to better 
 meet the Countys goals.  See Sloan I, 356 S.C. at 557, 590 S.E.2d 
 at 352.
Stewarts written determination first addresses 
 the underlying plan of the County behind this particular project, an expedited 
 road-paving plan meant to improve County roads by the year 2010 (the Prescription 
 for Progress, Paving County Roads program).  He also noted that the 2001-2002 
 Road Improvement Program outweighed the capacity of the current staff. Considering 
 the one-year timeframe for completion of the project and the limited staff available, 
 Stewart concluded the design-build/CSP method would best address the road programs 
 needs, while maintaining the quality level of other county services.  Stewart 
 also cited the success of past design-build/CSP county projects, including previous 
 Prescription for Progress road projects, for the proposition that the design-build 
 method could again be successfully utilized by the County.  The determination 
 continues by pointing out how the design-build method, as opposed to the traditional 
 CSB method, would be particularly advantageous to the County in this specific 
 large scope project.  It speaks to one of the goals being to ensure the roads 
 are built and maintained in such a manner to maximize life expectancy and riding 
 surface condition.  It notes that, under the current process of public/private 
 partnership, the strain on County staff is alleviated, and the County can provide 
 a full time inspector to travel the roads and insure proper inspection procedures 
 are being followed.  Further, the determination states that, due to staffing 
 requirements, it would cost the County an extra $1,075,000 should the design-build/CSP 
 method not be used.  It also indicates that utilization of an alternative method 
 (such as CSB) would mean the project would take at least one additional year 
 to complete compared to the design-build method.  These assertions go directly 
 to the frugality, timeliness and quality of the design-build method as opposed 
 to the traditional CSB method in this particular project.
Based on the foregoing, we find this determination 
 provided ample grounds to support County Councils decision to approve use of 
 the design-build method.  Since it addressed the specific needs of the project 
 and weighed alternative methods for procuring construction services, the determination 
 provided County Council and members of the public clear insight into the rationale 
 underlying its decision to use [the] design-build [method].  Sloan, 
 356 S.C. at 558, 590 S.E.2d at 352.  Accordingly, the trial court properly ruled 
 this determination was sufficient under § 7-242.5 of the Greenville County Code.
For the foregoing reasons, the decision of the trial court 
 is
 AFFIRMED.
 GOOLSBY, HUFF, and CURETON, A.J., concur.

 
 [1] The 
 Code references § 7-236 within § 7-212(10), but this is apparently a scriveners 
 error and the parties agree the section should reference § 7-242.5 instead.  
 

 
 [2] The 
 portion of Greenville County Code § 7-242.5 most at issue reads as follows:
 (a) The county administrator 
 or his designee shall have the discretion to use construction management services, 
 design-build services, or turnkey management services as alternatives for 
 construction contracting administration.  In exercising such discretion, the 
 county administrator or his designee shall consider the method which in the 
 administrator or his designees discretion is the most advantageous to the 
 county and will result in the most timely, economical, and successful completion 
 of the construction project.  The determination of the method of source selection 
 utilized shall be stated in writing and included as part of the contract file.

 
 [3] In 
 an action in equity, tried by a judge alone, without a reference, on appeal 
 the appellate court has jurisdiction to find facts in accordance with its 
 own view of the preponderance of the evidence.  Townes Assocs., Ltd. v. 
 City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).

 
 [4] In 
 an action at law, on appeal of a case tried without a jury, the findings of 
 fact of the judge will not be disturbed upon appeal unless found to be without 
 evidence which reasonably supports the judges findings.  Townes Assocs., 
 Ltd. v. City of Greenville, 266 S.C. 81, 86, 221 S.E.2d 773, 775 (1976).   
 

 
 [5] See Sloan I, 356 S.C. at 541, 590 
 S.E2d at 344 (It is [the] design-build [method]s lack of objective, bright-line 
 criteria that raises concerns about its use. . . . Because price is not a 
 controlling factor in design-build source selection, the public entity may 
 not always receive the lowest, most competitive price possible.).