THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Bob J.
 Weatherford, Appellant,
 v.
 Jordans Scrap Metal Co., Inc., Employer, and
 Liberty Mutual Insurance Company, Carrier, Respondents.
 
 
 

Appeal From Marion County
 Thomas W. Cooper, Jr., Circuit Court
 Judge
Unpublished Opinion No. 2007-UP-401
September 1, 2007  Filed September 28,
 2007
VACATED

 
 
 
 Bob J. Weatherford, of Bennettsville, pro
 se.
 Brown W. Johnson, of Florence, for Respondents.
 
 
 

PER CURIAM: 
 This is a workers compensation case.  The single commissioner awarded appellant
 Bob J. Weatherford, the claimant, additional workers compensation benefits,
 finding he had suffered a change of condition for the worse as the result of an
 earlier admitted workplace injury.  Respondents, Jordans Scrap Metal Co.,
 Inc., and Liberty Mutual Insurance Company, appealed the single commissioners
 order to the full commission; however, the appellate panel dismissed the appeal
 and assessed hearing costs against them when their counsel failed to appear for
 oral argument.  Respondents
 then appealed to the circuit court, which issued an order purporting to reverse
 the appellate panels order based on a lack of substantial evidence to support
 the award of benefits to Weatherford.  We vacate the order of the circuit court.[1]
1.  Respondents complaints
 about the sufficiency of the evidence supporting Weatherfords claim concerned
 the single commissioners order.  Any challenge to this order cannot, under the
 Administrative Procedures Act, be the subject of judicial review by the circuit
 court.  See S.C. Code Ann. § 1-23-380(A) (Supp. 2006) (stating that one
 who is aggrieved by a final decision in a contested case is entitled to
 judicial review) (emphasis added); Ross v. American Red Cross, 298 S.C.
 490, 492, 381 S.E.2d 728, 730 (1989) (referring to the full commission as the
 ultimate fact finder in workers compensation cases).
2.  In the
 appealed order, the circuit court appears to have assumed the appellate panel
 adopted the findings of the single commissioner.[2] 
 To the contrary, however, the appellate panel made no direct or indirect
 findings of fact concerning the merits of either Weatherfords claim or the
 single commissioners order.  Instead, the appellate panel limited its decision
 to a dismissal of Respondents appeal with prejudice on procedural grounds and
 a mandate that they were to pay the hearing costs.  Respondents neither moved
 to reinstate their appeal nor argued the appellate panel was incorrect in
 finding that they failed to perfect it; therefore, the dismissal of
 Respondents appeal of the single commissioners order stands.  See Parker
 v. S.C. Pub. Serv. Commn, 288 S.C. 304, 308, 342 S.E.2d 403, 405 (1986) (No objection can be made to an appealable order from which no
 appeal has been taken.); Buckner v. Preferred Mut. Ins. Co., 255 S.C. 159, 161, 177 S.E.2d 544, 544 (1970) (stating an unchallenged ruling right or wrong, is the law of this case and requires affirmance). 
 
Based on the
 foregoing, we hold the circuit court exceeded its authority under the
 Administrative Procedures Act.  We therefore vacate the appealed order in its
 entirety and reinstate both the single commissioners award and the appellate panels assessment of hearing costs
 against Respondents.
VACATED.
HEARN,
 C.J., ANDERSON and THOMAS, JJ., concur.

[1]  We decide this case without oral argument pursuant
 to Rule 215, SCACR.
[2]  The appealed order states:  The finding of the
 Commissioner, and subsequently of the Full Commission, both lacks substantial
 evidence and is controlled by an error of law, in that no expert medical
 testimony was presented.