19137

Brady S. HILL, Respondent, v. Frank P. JONES and Harleysville Mutual Casualty Insurance Co., Appellants.

(178 S. E. (2d) 142)

*Messrs. Jeffries, Arnold & Wise,* of Greenwood, *for Appellants,*

*Messrs. Charles & Charles,* of Greenwood, *for Respondent,*

December 11, 1970.

LEWIS, Justice.

This Workmen's Compensation case involves an appeal by the employer and the insurance carrier from an order of the lower court affirming an award by a majority of the Industrial Commission in favor of the respondent-employee.

Respondent sustained an injury to his left shoulder while about the construction site of a building at the John de la Howe School in McCormick County, South Carolina, where he was employed as a brickmason. He contended that the injuries were sustained when he fell from a scaffold while engaged in his work. Appellants denied liability and contended that, while respondent and a fellow employee were walking across the construction site, after work had ended for the day, respondent had a physical seizure of some type,

which caused him to fall to the ground resulting in the injury to his shoulder.

Respondent filed a claim for benefits under the Workmen's Compensation Act and an initial hearing was held before a hearing commissioner who denied the claim. Upon review by the Full Commission, a majority thereof filed an opinion reversing the decision and made an award to claimant upon a finding that he "did sustain an injury by accident arising out of and in the course of his employment when he fell from a scaffold." The cause was then remanded to the hearing commissioner for the purpose of determining the benefits due respondent. Upon appeal to the circuit court, the award of the Majority Commission was affirmed. This appeal followed.

The questions to be decided are (1) whether there was any competent evidence to sustain a finding that respondent sustained a compensable injury and (2) whether the award of the Commission is fatally deficient for failure to sufficiently state the reasons for the conclusion reached and for failure to apply the correct rule of law with reference to the burden of proof.

A decision of the first question involves a review of the testimony. In dealing with the factual issues, we are governed by the well settled principle that, since the Industrial Commission is the fact-finding body, the courts are without power to pass upon the force and effect of the evidence and can only review the facts to determine whether there was any competent evidence to support the findings of the Commission. If there was, such factual findings are binding on both this Court and the circuit court.

The testimony is in conflict as to the cause of respondent's injury. He testified that in the performance of his work on the afternoon of December 30, 1966, he was standing on a scaffold, about ten feet above the ground, "pointing-up" brick work on a wall when he fell from the scaffold to the ground injuring his left shoulder. He was immediately taken

to a doctor and the medical testimony is to the effect that the injury required extensive treatment and ultimately surgery. While respondent produced no eye witness to the fall, two fellow employees testified that they saw him working on the scaffold about fifteen or twenty minutes prior to the accident.

The testimony introduced by appellants was directly in conflict with respondent's version of the accident. Witnesses testified that they saw respondent suffer a physical seizure while walking near the building under construction, causing him to fall to the ground. They further testified that respondent was unconscious after the fall and was taken by them to a doctor for medical attention. While respondent testified that he fell from a scaffold, there was testimony that no scaffolding was in place at the building where respondent said he fell.

There was other testimony but the foregoing shows the direct conflicts in the evidence as to the cause of respondent's injury and the basic factual issues which the fact-finding body was required to resolve. We think that there was sufficient evidence to present an issue of fact for determination by the Commission as to whether respondent sustained an injury by accident arising out of and in the course of his employment.

Finally, appellants contend that the opinion and award of the Commission should be set aside because it allegedly fails to sufficiently state the reasons for the factual findings and fails to apply the correct rule of law with reference to the burden of proof.

In the performance of its duties as the fact-finding body, the Industrial Commission is required by Section 72-354 of the 1962 Code of Laws to file its award which must contain "a statement of the findings of fact, rulings of law, and other matters pertinent to the question at issue." We have held that "this duty on the part of the Commission requires that, not only must findings of fact be made upon the essen-

tial factual issues, but that they be sufficiently definite and detailed to enable the appellate court to properly determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings. 58 Am. Jur. 878, Section 472." *Drake v. Raybestos-Manhattan, Inc.*, 241 S. C. 116, 127 S. E. (2d) 288.

Where the decision of the commission fails to comply with the foregoing requirements, it will ordinarily be reversed and the cause remanded to the commission, where the evidence is in conflict, in order that such detailed and specific findings may be made as will enable the appellate court to properly review the factual and legal basis of the award. *Drake v. Raybestos-Manhtttan, Inc., supra.*

The Hearing Commissioner filed an opinion in which he, after reviewing the evidence in detail, denied the claim upon a finding that respondent had failed to establish his right to compensation by the greater weight or preponderance of the evidence. Upon appeal, the decision of the Hearing Commissioner was reversed by a majority of the Full Commission in an opinion which contained the following statement:

"In the absence of any medical testimony to the effect that claimant had a history of suffering from physical seizures and since there is so much controversy as to how claimant fell, it is the opinion of the Majority Commission that the basic purpose of the Workmen's Compensation Act is to include injured workmen within its protection rather than exclude them."

The opinion of the Majority Commission contained only brief references to the testimony and no reasons were stated for the factual finding that the claim was compensable. In view of the quoted statement in the award of the Majority Commission and the absence of a sufficient statement of the factual basis and reasons for its decision, we are unable to determine whether the award was based upon an inference

of compensability because there was "so much controversy as to how claimant fell," or upon a conclusion that respondent had established his right to recover by the greater weight of the evidence.

The vice in this award, which we here disapprove, is that the quoted statement, in the absence of further factual or legal clarification of the basis for the ultimate finding of compensability, creates a substantial question as to whether the Majority Commission applied the correct rule of law with reference to the burden of proof.

Respondent was required to prove his right to benefits by the greater weight or preponderance of the evidence, and the weight to be accorded the testimony was solely for the Commission to determine. Since such was peculiarly a Commission function and its opinion affirmatively creates substantial doubt as to whether that function was performed in accordance with the correct legal principle, we think it proper to reverse the award of the Majority Commission and remand the cause to the court to be, in turn, remanded to the Industrial Commission for the purpose of making a decision or award which will clearly reflect its findings in accordance with the greater weight or preponderance of the evidence.

The judgment is accordingly reversed and the cause remanded for the purpose stated.

Moss, C. J., and Bussey, Brailsford and Littlejohn, J.J., concur.