19581

Brady S. HILL, Respondent, v. Frank P. JONES and Harleysville Mutual Casualty Insurance Company, Appellants

(194 S. E. (2d) 888)

*Messrs. Jefferies & Wise* of Greenwood, *for Appellants,*

*Messrs. Charles & Charles,* of Greenwood, *for Respondent,*

March 5, 1973.

LEWIS, Justice:

This is the second appeal by the employer and the insurance carrier from orders of the lower court affirming an award by the Industrial Commission in favor of the respondent-employee. In the first appeal, appellants contended that (1) there was no evidence to sustain the award and (2) the Commission failed to apply the correct rule of law with reference to the burden of proof. We overruled the first contention but, because there was substantial question as to the second, we reversed the award and remanded the cause to the Commission for further and more specific findings. *Hill v. Jones,* 255 S. C. 219, 178 S. E. (2d) 142.

Upon remand, the Industrial Commission again issued an award in favor of respondent. The decision reviewed the testimony and made specific findings that respondent had established his claim by the greater weight or preponderance of the evidence. The lower court affirmed and the present appeal therefrom charges that (1) the Industrial Commission "did not have the evidence before it, nor consider same" prior to rendering its last award and (2) the Commission failed "to render an opinion and award based on a greater weight or prepondenrance of the evidence."

Appellant's contention that the Commission "did not have the evidence before it, nor consider same" in rendering its last award is based upon an affidavit by the clerk of the lower court to the effect that the original record and exhibits were in his office when the Commission reconsidered the matter and issued its award.

This was the second time that the factual issues had been considered by the Commission. The testimony had been transcribed and printed for the prior appeal

to this Court, and copies were readily available without reliance upon the original in the hands of the Clerk of Court. In fact, appellant does not contend that copies of the testimony were not available to the Commissioners, as might be needed, in their reconsideration of the matter, but only that the original was not in their hands.

The award of the Commission states that it was ■ based upon a consideration of all of the evidence, and there is no showing to the contrary. Under the present record, the recital by the Commission that it considered all of the evidence in reaching its decision is conclusive of the question.

The remaining assignment of error charges that the ■ award of the Commission was not based on the greater weight or preponderance of the evidence. This assignment presents no issue reviewable by this Court. We held in the prior appeal that there was sufficient evidence to present an issue of fact for determination by the Commission. The findings of the Commission upon these factual issues are conclusive on appeal.

Judgment affirmed.

Moss, C. J., and BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.