22629

ABLE COMMUNICATIONS, INC., Appellant v. The SOUTH CAROLINA
PUBLIC SERVICE COMMISSION and Farmers Telephone Cooper-
ative, Inc., Respondents.

(351 S. E. (2d) 151)

Supreme Court

*Jean H. Toal* of *Belser, Baker, Barwick, Ravenel, Toal &
Bender,* Columbia, and *Robert G. Knight,* Florence, *for
appellant.*

*M. John Bowen, Jr.,* of *McNair, Glenn, Konduros, Corley,
Singletary, Porter & Dibble,* Columbia, *for Farmers Tele-
phone Co-op., Inc.*

*Arthur G. Fusco* and *Sarena D. Burch,* of *S. C. Public
Service Authority,* Columbia, *for S. C. Public Service
Authority.*

Heard Oct. 8, 1986.

Decided Nov. 17, 1986.

Ness, Chief Justice:

The South Carolina Public Service Commission established a rate base for respondent Farmers Telephone Cooperative, Inc. to operate a tone and voice paging (beeper) service. The circuit court affirmed the PSC order. We reverse and remand for further proceedings.

Farmers is authorized by the PSC to operate a telephone company in Williamsburg, Sumter, Clarendon and portions of Florence and Lee Counties. Appellant Able Communications, Inc. holds a certificate of convenience and necessity as a radio common carrier to provide paging service in ten counties, including the five counties in which Farmers operates its telephone company.

Farmers was granted a certificate of convenience and necessity to operate a paging service in the areas in which it provides telephone service. *See*, S. C. Code Ann. Section 58-11-100 (1976). It petitioned the PSC to establish a rate base for the operation of its paging service. Able and the Consumer Advocate were granted leave to intervene. After a hearing, the PSC approved Farmer's proposed rates for tone and voice pagers. Able's request for rehearing was denied.

Able petitioned the circuit court for judicial review under the Administrative Procedures Act, S. C. Code Ann. Section 1-23-380 (1986). The circuit court affirmed the PSC orders and dismissed Able's petition.

Able asserts the PSC order approving the rate base is defective in that it does not contain factual findings in support of its conclusion that Farmers' proposed rates are just and reasonable. A final order in an agency adjudication of a contested case must contain "findings of fact and conclusions of law, separately stated. Findings of fact, if set forth in statutory language, shall be accompanied by a concise and explicit statement of the underlying facts supporting the findings." S. C. Code Ann. Section 1-23-350 (1986).

Rates for radio common carrier services must be "just and reasonable." S. C. Code Ann. Section 58-11-20 (1976). The PSC found that Farmers' proposed rates were "fair and reasonable." Since this is essentially the statutory language, the PSC was also required to set forth the underlying facts upon which it relied to support its conclusion of reasonableness.

The PSC order recites the testimony from the administrative hearing, including the conflicting opinions of Able's and Farmers' witnesses as to the rate base required to generate a sufficient return to cover the cost of the pager service. The order contains no findings of fact at all. After reciting the conflicting testimony, the PSC merely concludes that Farmers' proposed rates are reasonable. It is impossible for an appellate court to review the order for error, since the reasons underlying the decision are left to speculation.

The findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings. *Hill v. Jones*, 255 S. C. 219, 178 S. E. (2d) 142 (1970). Implicit findings of fact are not sufficient. Where material facts are in dispute, the administrative body must make specific, express findings of fact. *Aristizabal v. Woodside-Division of Dan River*, 268 S. C. 366, 234 S. E. (2d) 21 (1977). No particular format is required. *Airco, Inc. v. Hollington*, 269 S. C. 152, 236 S. E. (2d) 804 (1977). However, a recital of conflicting testimony followed by a general conclusion is patently insufficient to enable a reviewing court to address the issues.

Able also asserts the decision to approve Farmers' proposed rates is clearly erroneous in light of the reliable, probative and substantial evidence on the whole record. See S. C. Code Ann. Section 1-23-380(g) (5) (1986). We are unable to address this issue because of the insufficiency of the order.

The order dated May 16, 1984 is vacated and the matter is remanded to the PSC for compliance with S. C. Code Ann. Section 1-23-350 (1986). It is unnecessary to address the remaining issues.

Remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.