### 1153

John T. CAMPBELL, Employee, Respondent v. LA-Z-BOY EAST, Employer and Self-Insurer, Appellant.

(368 S. E. (2d) 679)

Court of Appeals

*Mary Layton Wells* of *Hyman, Morgan, Brown, Jeffords, Rushton & Hatfield,* and *Alvin A. Coleman, Jr.,* of *Coleman, Aiken & Chase,* Florence, *for appellant.*

*T. Kenneth Summerford,* Florence, *for respondent.*

Heard March 2, 1988.

Decided May 9, 1988.

CURETON, Judge:

This is an appeal from an order of the circuit court affirming a decision of the Worker's Compensation Commission. The case involves an employee who claims a hearing loss due to an accident on the job. We reverse the decision of the circuit court and remand the case to the Commission for the making of specific findings of fact and conclusions of law.

John T. Campbell was employed at La-Z-Boy East. On October 19, 1981, he was struck in the back of the head and neck while performing tasks associated with his employment. Campbell claims he sustained a hearing loss due to the accident.

The case was first heard on August 3, 1983 and was taken under advisement by the hearing commissioner. An order was issued on November 13, 1984, by another commissioner who had reviewed the file. This commissioner found Campbell sustained an injury by accident arising out of and in the course of his employment and Campbell had sustained a binaural hearing loss. On appeal the Majority Commission remanded the case for further evidence as "the record fails

to show causal connection between hearing loss and the injury as the present evidence is incomplete." Additional medical depositions were taken and submitted. Certain medical reports were also apparently submitted although the appellate record is not entirely clear as to which reports were admitted. An order was filed on February 27, 1986, by a single commissioner. In this order the commissioner indicated that after review of all the evidence submitted he found "as a fact that the claimant has met the burden of proof in this case and has established a causal connection between the injury experienced by him and the hearing loss sustained by him." There is no discussion of the evidence in the order. The employer appealed this order to the Full Commission. One of the grounds of appeal was the failure to comply with *S. C. Code Ann.* Section 42-17-40 (1976). The determination of the single commissioner was affirmed on July 29, 1986. However, two commissioners voted to remand for clarification or findings of fact and one commissioner voted to reverse and remand for futher evidence as to hearing loss. The employer appealed to the circuit court. The circuit court affirmed the award of the Commission in a summary order. This appeal by the employer followed.

We have reviewed the appellate record and have determined that the order of the Commission violates the requirements of Section 42-17-40. This case involves two questions. First, there is the issue of causal connection between the accidental injury and the hearing loss. Second, there is a question as to the proper interpretation of Industrial Commission Regulation 67-36 with respect to a high frequency hearing loss. The order of the single commissioner fails to elucidate the basis for the finding of fact on causation. There is no discussion of the applicability of the regulation. The Workers' Compensation Commission is the finder of fact. The South Carolina Supreme Court has held the Commission is required to make findings of fact which are "sufficiently definite and detailed to enable the appellate court to properly determine whether the findings of fact are supported by the evidence and whether the law has been properly applied to those findings." *Drake v. Raybestos-Manhattan Inc.*, 241 S. C. 116, 123, 127 S. E. (2d) 288, 292, (1962), *rev'd on other grounds, Hunt v. Eli Whitt*, 279 S. C.

343, 306 S. E. (2d) 621 (1983); *Hill v. Jones*, 255 S. C. 219, 178 S. E. (2d) 142 (1970). In this case, it is appropriate to remand this matter to the Workers' Compensation Commission so the Commission may make sufficiently detailed findings concerning causation and the application of the regulation.

For the reasons stated the order of the circuit court is reversed and the case is remanded to the circuit court for entry of an order remanding the case to the Workers' Compensation Commission for proceedings consistent with this opinion.

Reversed and remanded.

SHAW and GOOLSBY, JJ., concur.