23022

Steven W. HAMM, Consumer Advocate for the State of South Carolina, Appellant v. SOUTH CAROLINA PUBLIC SERVICE COMMISSION and South Carolina Electric and Gas Company, Respondents.

(380 S. E. (2d) 428)

Supreme Court

*Consumer Advocate Steven W. Hamm, Asst. Consumer Advocate Raymon E. Lark, Jr.,* and *Staff Atty. F. David Butler,* all of *Department of Consumer Affairs,* Columbia, *for appellant.*

*Sarena D. Burch,* Columbia, *for respondent South Carolina Public Service Com'n.*

*Belton T. Zeigler, Inez Moore Tenenbaum,* and *Frank W. Cureton,* all of *Sinkler & Boyd, P.A.,* and *Patricia T. Smith,* Columbia, *for respondent South Carolina Elec. and Gas Co.*

Heard March 21, 1989.

Decided May 30, 1989.

*Per Curiam:*

The appellant (Consumer Advocate) appeals two orders of the South Carolina Public Service Commission (the PSC) granting South Carolina Electric and Gas's (SCE&G's) application for certain accounting adjustments relative to its rate base. We vacate and remand.

## FACTS

In *Hamm v. South Carolina Public Service Com'n*, 294 S. C. 320, 364 S. E. (2d) 455 (1988) (*Hamm* I), this Court approved the PSC's method of valuing excess generating capacity for purposes of "phasing-in" the cost of the new V.C. Summer Nuclear Station. In *Hamm* I, the PSC excluded 400 MW (megawatts) of SCE&G's generating capacity from its rate base[1] for ratemaking purposes. The present appeal is from two PSC Orders holding that the time has come to return this previously excluded investment—representing over $102 million—to rate base. The Consumer Advocate was a party to the case; he presented witnesses and alternative proposals to those of SCE&G. The PSC granted SCE&G's application, holding: (1) the 400 MW, less accumulated depreciation, should be included in SCE&G's rate base; (2) that accumulated deferred carrying costs (totaling $42,457,876) associated with the previous exclusion of the 400 MW should be included in the rate base; (3) that those carrying costs should be amortized over a ten year period; and (4) that new, lower depreciation rates proposed by SCE&G to be applied to its utility plant were approved and should be put into effect. The two PSC Orders were consolidated for appeal and subsequently affirmed by the circuit court.

In 1986 and 1987 SCE&G engineering reviews revealed a

---

[1] "The 'rate base' is the amount of investment on which a regulated public utility is entitled to an opportunity to earn a fair and reasonable return. A public utility's 'rate base' represents the total investment in, or the fair value of, the used and useful property which it necessarily devotes to rendering the regulated services." *Southern Bell Tel. & Tel. v. Public Service Com'n*, 270 S. C. 590, 244 S. E. (2d) 278 (1978).

decrease in the maximum capacity of its generating system. Consequently, the company unilaterally "derated" its generating plant capacity by a total of 69 MW. Information on these deratings was not available for, and thus not made a part of, SCE&G's calculations in its 1983 application. The record reflects that, in response to the Consumer Advocate's interrogatories, SCE&G provided a two-page schedule listing the individual plant deratings. The PSC characterized the deratings as "immaterial" and rejected the Consumer Advocate's proposal that this 69 MW derating be set off against the 400 MW SCE&G sought to return to rate base. On appeal, the Consumer Advocate argues that the 69 MW derating raised an issue of SCE&G's prudence which should have been addressed by the PSC.

## DISCUSSION

An agency is generally given a wide range of discretion in utility rate cases; that discretion, however, cannot be exercised without a factual basis to support the agency's decision. *Hamm v. S. C. Public Service Com'n,* 295 S. C. 429, 368 S. E. (2d) 911 (1988); *Parker v. S. C. Public Service Com'n,* 280 S. C. 310, 313 S. E. (2d) 290 (1984). The Administrative Procedures Act specifically requires an agency's order in a contested case to "include findings of fact and conclusions of law ..." S. C. Code Ann. § 1-23-350 (1986). We explored this requirement in *Able Communications v. S. C. Public Service Com'n,* 290 S. C. 409, 351 S. E. (2d) 151 (1986):

> The findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings. *Hill v. Jones,* 255 S. C. 219, 178 S. E. (2d) 142 (1970). Implicit findings of fact are not sufficient. Where material facts are in dispute, the administrative body must make specific, express findings of fact.

*Id.* at 411, 351 S. E. (2d) at 152.

The Consumer Advocate argues that the admitted 69 MW derating raised an issue of SCE&G's operational prudence which was not adequately addressed in the

PSC's Order. We agree. The Order merely states that the derating of generating capacity is "immaterial." No evidence of record is recited to support this finding. At best, the Order may be read as a tacit approval of the deratings. The *Able Communications* case patently rejects such implicit factual findings. Because the prudence issue underlying the deratings was not directly addressed, the PSC's Order must be remanded for the findings of fact required by *Able Communications.*

Additionally, the PSC apparently rejected the Consumer Advocate's recommended elimination of depreciation expense and carrying cost recovery for the derated 69 MW. No factual findings address the depreciation expense and carrying cost issues as they relate to the 69 MW derating. Remand is therefore appropriate on these issues also.

We recognize, of course, that the PSC—and not this Court—has been designated the "expert" to regulate the rates and services of public utilities operating in South Carolina. *See, e.g., Southern Bell Tel. & Tel. v. Public Service Com'n,* 270 S. C. 590, 244 S. E. (2d) 278 (1978); *Patton v. S. C. Public Service Com'n,* 280 S. C. 288, 312 S. E. (2d) 257 (1984). "Expert" status, however, does not somehow diminish the PSC's duty to support is conclusions with factual findings; indeed, that status heightens the duty to make the explicit findings of fact which allow meaningful appellate review of these complex issues. The insufficient Order here precludes a decision by this Court on whether substantial evidence on the whole record supports the PSC's ultimate conclusions. *See,* 1-23-380(g)(5) (1986); *Able Communications, supra.*

## CONCLUSION

The affirming Order of the circuit court is vacated; the case is remanded to the PSC for factual findings under § 1-23-350 on: (1) the prudence of the 69 MW deratings; and (2) the effect, if any, of the deratings on the depreciation expense and carrying cost issues.

Vacated and remanded.