23485

Rudolph T. BRAYBOY, Appellant v. CLARK HEATING COMPANY, INC. and Standard Fire Insurance Company, Respondents.

(409 S.E. (2d) 767)

Supreme Court

*Isadore E. Lourie* and *Andrew N. Safran*, of *Lourie, Curlee, Barrett, Popowski & Ragsdale*, Columbia, *for appellant.*

*R. Lewis Johnson* and *Curtis W. Dowling*, of *Barnes, Alford, Stork & Johnson*, Columbia, *for respondents.*

Heard April 22, 1991.

Decided Oct. 7, 1991.

CHANDLER, Justice:

Rudolph Brayboy (Brayboy) appeals Circuit Court's affirmance of a Workers' Compensation Commission Order, denying him further benefits.

We remand for further findings.

## FACTS

On October 21, 1986, Brayboy injured his left knee while in the course and scope of his employment for Clark Heating Company, Inc. (Employer). The wound, sutured by a Dr. Boatwright, became infected in November, 1986. When the knee remained swollen and painful, Employer, on March 16, 1987, sent Brayboy to Dr. James W. Faulk, who performed a "McMurray's Test," an examination for determining whether cartilage damage has occurred. The test was negative; Dr. Faulk diagnosed "status post laceration of the left knee." Following several additional visits, Dr. Faulk concluded that Brayboy probably had a chronic slight bursitis.

On May 15, 1987, Brayboy's knee was evaluated by Dr. Robert P. Stanton, who attributed the knee soreness to osteoarthritis and aging. He found it "unlikely that [the] laceration [was] in any way responsible for [Brayboy's] current complaints."

On August 20, 1987, based upon the reports of Drs. Boatwright, Faulk, and Stanton, Brayboy entered into a settlement agreement with Employer for a five percent disability to his left leg.

Subsequently, in April, 1988, Brayboy went to Dr. Richard S. McCain, complaining of continued "knee catching" and swelling. A McMurray's test performed by Dr. McCain was "equivocally positive." An arthrogram revealed torn cartilage in the left knee, which, in McCain's opinion, "most probably resulted from [the] October, 1986, injury."

Upon advice of counsel, Brayboy was evaluated in September, 1988, by Dr. Robert M. Peele, who concurred with Dr. McCain, and recommended arthroscopic surgery.

Dr. Faulk, however, after reviewing the records of Drs. McCain and Stanton, adhered to his opinion that the torn cartilage did not derive from the October, 1986, injury.

Based upon the reports of Drs. Peele and McCain, Brayboy filed for review of his disability settlement, alleging a "change of condition" under S.C. Code Ann. § 42-17-90 (1985).[1]

---

[1] This section allows the Commission, upon a change of condition, to "make an award ending, diminishing or increasing the compensation previously awarded."

Single Commissioner found (1) that Brayboy had established a change of condition entitling him to further benefits and (2) that, in any event, the settlement should be rescinded as it was based upon a mutual mistake. Full Commission reversed, finding neither change of condition nor mutual mistake. Circuit Court, applying the substantial evidence standard of review, affirmed Full Commission's Order.

## SCOPE OF REVIEW

The Full Commission may review an award of the Single Commissioner and make its own findings of fact and conclusions of law. S.C. Code Ann. § 42-17-50; *Green v. Raybestos-Manhatten, Inc.*, 250 S.C. 58, 156 S.E. (2d) 318 (1967).

Under § 1-23-380 of the Administrative Procedures Act, a reviewing court may reverse Commission's findings only when unsupported by substantial evidence. *Massey v. W.R. Grace & Co.*, 286 S.C. 434, 334 S.E. (2d) 122 (1985). When there is a conflict of evidence, the findings of fact of the Commission are conclusive. *Lorick v. SCE&G*, 245 S.C. 513, 141 S.E. (2d) 662 (1965).

## ISSUE

The sole issue we address is: Were Commission's findings sufficiently detailed to enable appellate review?

## DISCUSSION

Under the heading "Discussion," Commission's order recites the conflicting medical opinions regarding Brayboy's knee. It then makes "Findings of Fact," holding that Brayboy had not established a change of condition, and that the evidence did not support mutual mistake. However, Commission did not state the facts upon which it relied in making its findings.

In *Able Communications, Inc. v. SCPSC*, 290 S.C. 409, 411, 351 S.E. (2d) 151, 152 (1986), we stated:

The findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to de-

termine whether the findings are supported by the evidence and whether the law has been properly applied to those findings. *Hill v. Jones,* 255 S.C. 219, 178 S.E. (2d) 142 (1970). Implicit findings of fact are not sufficient. Where material facts are in dispute, the administrative body must make specific, express findings of fact. *Aristizabal v. Woodside-Division of Dan River,* 268 S.C. 366, 234 S.E. (2d) 21 (1977). No particular format is required. *Airco, Inc. v. Hollington,* 269 S.C. 152, 236 S.E. (2d) 804 (1977). However, a recital of conflicting testimony followed by a general conclusion is patently insufficient to enable a reviewing court to address the issues.

From the order here, it is impossible to determine whether Commission's finding that no change of condition occurred is based upon (1) testimony that the torn cartilage did not result from the October, 1986, injury, or (2) Commission's belief that discovery of a previously undiagnosed condition does not constitute a change of condition within the meaning of § 42-17-90.[2]

Accordingly, we remand for specific factual findings in compliance with *Able.*

Remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.

---

[2] In *Cromer v. Newberry Cotton Mills,* 201 S.C. 349, 23 S.E. (2d) 19 (1942), we held that a change in condition means a change in the physical condition of the claimant as a result of the original injury, occurring after the first award. In *Krell v. South Carolina Highway Dept.,* 237 S.C. 584, 589, 118 S.E. (2d) 322, 324 (1961), we stated, "if claimant sustained injuries . . . which *he knew about at the time of his claim* but for some reason failed to include in the claim, he cannot for the first time assert disability for these injuries . . . based on 'change of condition.' " (Emphasis supplied.) We hold, as a matter of law, that a claim of change of condition may be based upon undiagnosed conditions, resulting from the original injury, which are discovered after the first award.

We express no opinion, however, as to whether Brayboy's torn meniscus did, in fact, result from the original injury.