23628

Joseph H. MOORE and Moore Oil Company, Inc., Petitioners v. SOUTH CAROLINA ALCOHOLIC BEVERAGE CONTROL COMMISSION, Respondent.

(417 S.E. (2d) 555)

Supreme Court

*Isadore E. Lourie* and *Andrew N. Safran*, both of *Lourie, Curlee, Barrett, Ragsdale & Safran*, Columbia, *for petitioners*.

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zalenka*, and *Asst. Atty. Gen. Miller W. Shealy, Jr.*, Columbia, *for respondent*.

Heard Jan. 7, 1992.

Decided April 13, 1992.

FINNEY, Justice:

This Court granted certiorari to review the decision of the Court of Appeals in this case. *Moore v. South Carolina Alcoholic Beverage Control Comm'n*, 304 S.C. 356, 404 S.E. (2d) 714 (Ct. App. 1991). Appellant South Carolina Alcoholic Beverage Control Commission (ABC Commission) denied the application of Respondent Joseph H. Moore, President of Moore Oil Company, Inc. (Moore), for a retail permit to sell beer and wine based upon its conclusion that the proposed site was unsuitable and that the public interest would be best served by denying the application.

The master-in-equity reversed the decision of the ABC Commission and remanded for issuance of the permit, finding that the record lacked substantial evidence to support the ABC Commission's conclusion. The Court of Appeals vacated the master's order and remanded to the ABC Commission for additional findings of fact. Upon review of the record and consideration of the applicable law, we vacate the opinion of the Court of Appeals and reverse the order of the master.

Moore applied for a permit to sell beer and wine at his Turbeville convenience store for off-premise consumption. The store was located approximately .3 mile from a church and .5 mile from a high school.

At a hearing on Moore's application before the ABC Commission on March 1, 1989, testimony and other evidence were presented along with written protests from 185 citizens of the community. The evidence reveals that Moore held similar permits for eight other locations in this state and had never been cited for any statutory or regulatory violation in connection therewith. The ABC Commission declined to grant the permit due to the proximity of the proposed location to a school and church. In denying the permit, the ABC Commission cited S.C. Code Ann. § 61-9-320 (1976), as amended, which provides in pertinent part.

> No permit authorizing the sale of beer of wine may be issued unless:

(6) The location of the proposed place of business of the applicant is in the opinion of the Alcoholic Beverage Control Commission a proper one; provided, that the Commission may consider, among other factors, as indications of unsuitable location, the proximity to residences, schools, playgrounds, and churches . . .

The ABC Commission noted the holding of this Court that proximity alone cannot be used as the basis for denying an application. *Port Oil, Inc. v. Allen,* 286 S.C. 286, 332 S.E. (2d) 787 (1985). However, the ABC Commission reasoned that, while not expressly overruling *Port Oil,* the subsequent amendment of Section 61-9-320 evinces legislative intent to sanction the prohibition of the sale of alcoholic beverages in the vicinity of schools and churches. The ABC Commission sought to balance the respective interests of Moore and the members of the community, and expressed the opinion that the public interest must prevail. As a further ground, the ABC Commission concluded that issuance of a permit would result in a strain upon the ability of Turbeville's lone part-time police officer to adequately protect the community.

We find the reasoning of the ABC Commission persuasive. The record reflects that the proposed permitting site is located within one-half mile or less of a church and a school. This Court held in *Byers v. South Carolina Alcoholic Beverage Control Comm'n,* 407 S.E. (2d) 653, 655 (1991), that ". . . proximity of a location to a church, school or residence is a proper ground, by itself, on which the Commission may find the location to be unsuitable and deny a permit for the sale of beer or wine at that location."

Additionally, the Administrative Procedures Act, S.C. Code Ann. § 1-23-310 *et seq.,* (1976), as amended, promulgates the sphere of judicial review and enunciates the circumstances under which a reviewing court may reverse or modify the decision of an agency. In order for reversal or modification to be appropriate, Section 1-23-380(g)(5) requires a finding that an agency's decision is clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. *See Kearney v. Allen,* 287 S.C. 324, 338 S.E. (2d) 335 (1985); *Lark v. Bi-Lo, Inc.,* 276 S.C. 130, 276 S.E. (2d) 304 (1981).

Our review of this case reveals that the ABC Commission's

decision is supported by substantial evidence in the record. Hence, we reverse the order of the master.

Relying upon *Hamm v. South Carolina Public Service Comm'n,* 298 S.C. 309, 380 S.E. (2d) 428 (1989), the Court of Appeals ruled that the ABC Commission's order was insufficient to permit a court on review to determine the appropriateness of the agency's decision. In *Hamm,* this Court vacated and remanded to the Public Service Commission for factual findings under Section 1-23-350, which requires that a final order include findings of fact and conclusions of law, separately stated, accompanied by a concise and explicit statement of the underlying facts supporting such findings. The issue in *Hamm* was the propriety of orders granting a utility's application for certain accounting adjustments relative to its rate base, which involved technical accounting terms and mathematical calculations. The Court noted that it lacked the specific expertise required to compute utility rates and, therefore, needed data that was sufficiently clear and detailed to enable it to determine whether the agency's conclusion was supported by factual findings.

In the present case, we find from the ABC Commission's order that the findings of fact are sufficient to support its conclusion to deny the permit. Hence, we vacate the decision of the Court of Appeals.

Accordingly, the judgment of the Court of Appeals is vacated and the order of the master is reversed.

Vacated and reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.