504 S.E.2d 320

**Philip S. PORTER, Consumer Advocate for the State of South Carolina, Appellant,**

**v.**

**SOUTH CAROLINA PUBLIC SERVICE COMMISSION and Piedmont Natural Gas Company, Respondents.**

**No. 24833.**

Supreme Court of South Carolina.

Heard June 4, 1998.

Decided Aug. 31, 1998.

Phillip S. Porter, Nancy Vaughn Coombs, and Hana Pokorna–Williamson, all of the South Carolina Department of Consumer Affairs, Columbia, for appellant.

F. David Butler, of South Carolina Public Service Commission, Columbia, for respondent South Carolina Public Service Commission.

Dwight Drake and John E. Schmidt, both of Nelson Mullins Riley & Scarborough, Columbia and Jerry W. Amos, of Amos & Jeffries, L.L.P., Greensboro, NC, for respondent Piedmont Natural Gas Company.

FINNEY, Chief Justice:

The Consumer Advocate appeals the circuit court order affirming the Public Service Commission's (PSC) order in this utility rate case. We reverse in part and affirm in part.

## ISSUE I

Did the circuit court err in upholding the PSC's inclusion of Demand Side Management (DSM) costs in Piedmont's expenses?

## ANALYSIS

Piedmont Natural Gas Co. (Piedmont) filed a request on May 8, 1995, for an increase in rates and charges and approval of revised depreciation rates. Piedmont also sought approval of DSM expenses. Piedmont had not incurred expenses related to DSM activities during the test year upon which the application was based, however, actual expenses were incurred during July and August 1995. The expenses for this two month period were annualized to reflect an on-going level of DSM costs. The PSC order issued on November 7, 1995, granted the rate increase and included the annualized expenses. The circuit court affirmed the PSC order.

■ The Consumer Advocate appeals the approval of DSM expenses on the basis that Piedmont did not comply with the

requirements set forth in Piedmont's Integrated Resources Plan (IRP) Order. The Consumer Advocate contends that Piedmont did not provide any cost benefit analyses of its DSM programs as required in the Stipulation Agreement, therefore it failed to satisfy the conditions for recovery of DSM costs.

The circuit court held the Advocate's conclusion is inconsistent with the clear wording of the stipulation which states: "The failure of the Company to achieve the projected level of benefits for any specific DSM program, in and of itself, does not mean that the costs relating to the program are not recoverable." The PSC stated in its order that the intent and understanding of the parties who signed the stipulation is the best evidence of the meaning of the stipulation.

The Stipulation Agreement which was agreed to by all parties except the Consumer Advocate provides that certain criteria must be met before the recovery of any DSM cost is appropriate. The three criteria for cost recovery of DSM relate to the times: 1) prior to implementation, 2) during implementation, and 3) at the time recovery is sought. In particular, the stipulation requires that:

(iii) **At the time that the Company seeks to recover its DSM Costs,** the Company must demonstrate that the level of benefits achieved from the program is consistent with the projected benefits and that the program has achieved an appropriate level of benefits at a reasonable cost. **The Company must contrast the projected cost/benefits with the actual cost/benefits achieved and justify any failure to achieve the projected benefits.** The failure of the Company to achieve the projected level of benefits for any specific DSM program, in and of itself, does not mean that the costs relating to the program are not recoverable. The DSM costs and benefits which are appropriate for the consideration of DSM Programs for purposes of cost-recovery are South Carolina system related costs and benefits.

(Emphasis added.)

The PSC's January 27, 1995, order approving the stipulation agreement states that the "Commission is not approving cost allocation or cost-recovery associated with IRP at this time, but such cost allocation and cost-recovery will be addressed in

the Company's next general rate proceeding." The order provides that based on the stipulation it would be appropriate to seek DSM costs at the next general rate increase, however, it does not eliminate meeting the requirements set forth in the stipulation agreement.

The stipulation agreement provides that the Company must demonstrate a cost/benefit analysis when seeking recovery of DSM costs. The Consumer Advocate's witness testified that no demonstration of cost/benefit analysis was provided. While the stipulation provides that failure to achieve the projected benefits would not mean that costs are not recoverable, Piedmont did not comply with the threshold conditions for recovery of DSM costs as set forth in the stipulation agreement. Accordingly, the circuit court's order affirming the PSC on this issue is reversed as erroneous in view of the evidence in the record. S.C.Code Ann. § 1–23–380(A)(6)(e) (Supp.1997).

## ISSUE II

Did the circuit court violate the S.C. Energy Conservation and Efficiency Act of 1992 (Energy Act) by upholding the Commission's inclusion of DSM costs in Piedmont's expenses?

## ANALYSIS

The Consumer Advocate asserts the order affirming the Commission's decision to allow recovery of projected DSM expenses without examining their cost effectiveness violates the Energy Act's mandate to provide investment incentives and reward cost-effective programs. We disagree.

The Energy Act states in part:

The South Carolina Public Service Commission may adopt procedures that encourage electrical utilities and public utilities providing gas services subject to the jurisdiction of the commission to invest in cost-effective energy efficient technologies and energy conservation programs. If adopted, these procedures must: provide incentives and cost recovery for energy suppliers and distributors who invest in energy supply and end-use technologies that are cost-effective....

S.C.Code Ann. § 58–37–20 (Supp.1997). The statute cited refers specifically to procedures adopted by the Commission. The Advocate essentially asserts this section expresses an intent that cost effectiveness be a part of energy conservation programs in general. This section alone would not require a reversal of the PSC's finding allowing recovery of DSM expenses. We affirm.

## ISSUE III

Is the Consumer Advocate barred from interpreting the Stipulation Agreement which he did not sign?

## ANALYSIS

The circuit court stated in his order that since the Consumer Advocate failed to sign the stipulation he is not in a position to argue that the parties who signed the stipulation misinterpreted the agreement. We disagree.

The Consumer Advocate argues with respect to recovery of DSM expenses, that Piedmont did not comply with its own agreement. The Advocate does not assert that the stipulation was misinterpreted, but rather it has not been followed. The circuit court states in essence that unless the Advocate signed the agreement he cannot later complain. Following the reasoning in Issue I, the Consumer Advocate is not barred from asserting non-compliance with the agreement.

## ISSUE IV

Did the circuit court err in affirming the commission's approval of a return on common equity of 12.5%?

## ANALYSIS

The Consumer Advocate contends that the PSC failed to set forth sufficient findings of fact to support its decision to allow Piedmont to charge a rate of return of 12.5%. We agree.

The determination of a fair rate of return must be documented fully in its findings of fact and based exclusively on reliable, probative, and substantial evidence on the whole record. S.C.Code Ann. § 58–5–240 (Supp.1997). Further, the

Administrative Procedures Act requires that findings of fact, if set forth in statutory language, be accompanied by a "concise and explicit statement of the underlying facts supporting the findings." S.C.Code Ann. § 1–23–350 (1986). "An administrative body must make findings which are sufficiently detailed to enable this Court to determine whether the findings are supported by the evidence and whether the law has been applied properly to those findings." *Hamm v. South Carolina Public Service Commission*, 309 S.C. 295, 422 S.E.2d 118 (1992). "Where material facts are in dispute, the administrative body must make specific, express findings of fact." *Able Communications, Inc. v. S.C. Public Service Commission*, 290 S.C. 409, 351 S.E.2d 151 (1986).

Piedmont originally sought approval of a return on common equity of 13%. The Commission staff's witness recommended approval of a return on common equity in a range between 11.25% and 11.75%. The Consumer Advocate's witness recommended a return on equity in a range of 10.50% and 11.50%. Piedmont's witness recommended 13.0%. The Commission approved a return on equity of 12.5% and the circuit court affirmed. The circuit court rejected the Advocate's assertion that the 12.5% rate was arbitrary and capricious and found the rate was supported by substantial evidence in the record.

The PSC did not provide its reasoning to support its finding that 12.5% is fair and reasonable. The PSC stated in its order that a reasonable expectation for the potential equity investor is actually incorporated by a figure in between the analyses presented by the witnesses, i.e. 12.5%. The PSC concluded that it believed Piedmont's witness overstated the cost of equity and the PSC and Consumer Advocate's witnesses understated the cost of equity. The PSC did not make findings of fact which explain how it arrived at a rate which was not recommended by any of the witnesses. The circuit court relied on the PSC's listing of factors it considered. The circuit court found that the PSC's finding was supported by a list of factors it considered in addition to expert testimony from witnesses supporting ranges between 10.75%—11.75% and 13.0%. However, the mere recitation of general factors without describing their relevancy to this case as well as no explanation as to what and why certain portions of the expert

testimony were adopted cannot serve as a substitute for a finding of facts. The record as a whole does not contain sufficient detail to allow this Court to make a meaningful review whether the findings are supported by the evidence and whether the law has been properly applied to those findings. *Hamm v. South Carolina Public Service Commission, supra; Able Communications, Inc. v. South Carolina Public Service Commission, supra.* Accordingly, we reverse and remand for further proceedings in accordance with this opinion.

**Reversed and remanded in part and affirmed in part.**

TOAL, MOORE, WALLER and BURNETT, JJ., concur.