THIS OPINION
 HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Dana Anderson, Respondent,
 
 
 
 
 

v.

 
 
 
 
 C.D. Electric
 and NorGuard Insurance Company, Appellant.
 
 
 
 
 

Appeal From Florence County
Michael G. Nettles, Circuit Court Judge

Unpublished Opinion No. 2010-UP-083
 Submitted February 1, 2010  Filed
February 3, 2010   

AFFIRMED

 
 
 
 Stephen J. Wukela, of Florence, for
 Appellant.
 T. Jeff Goodwyn, Jr., of Columbia, for
 Respondents.
 
 
 

PER CURIAM:  The South Carolina Workers' Compensation Commission
 (Appellate Panel) denied Dana Anderson's claim for disability benefits.  The
 circuit court affirmed, and Anderson appeals, arguing the Appellate Panel erred
 by: (1) failing to consider the testimony or provide sufficient findings of
 fact regarding three of his witnesses; and (2) finding he did not suffer an
 injury by accident.  We affirm.[1]  
1. The Appellate Panel
 properly considered the testimony of Anderson's witnesses and issued sufficient
 findings of fact in its order.  The Appellate Panel stated in its order that it
 considered all testimony and documentary evidence submitted by the parties.  As
 the ultimate finder of fact, the Appellate Panel had discretion to determine
 the credibility and weight of all testimonial evidence and properly issued
 adequate, although brief, findings of fact supporting its conclusion that Anderson
 did not sustain an injury in the course of his employment.  See Bartley
 v. Allendale County Sch. Dist., 381 S.C. 262, 271, 672 S.E.2d 809, 813 (Ct.
 App. 2009) (holding the Appellate Panel is the ultimate finder of fact and
 makes the final determination of witness credibility and weight of the
 evidence); Brayboy v. Clark Heating Co., Inc., 306 S.C. 56, 58-59, 409
 S.E.2d 767, 768 (1991) ("The findings of fact of an administrative body
 must be sufficiently detailed to enable the reviewing court to determine whether
 the findings are supported by the evidence and whether the law has been
 properly applied to those findings.").      
2. Substantial evidence in
 the record supports the Appellate Panel's ruling that Anderson did not suffer
 an injury by accident.  The single commissioner and the Appellate Panel found
 Anderson was not a credible witness.  Additionally, no other witnesses directly
 observed Anderson injuring his leg while at work.  See Hill v. Eagle
 Motor Lines, 373 S.C. 422, 436, 645 S.E.2d 424, 431 (2007) (holding the
 decisions of the Appellate Panel must be affirmed if the factual findings are
 supported by substantial evidence in the record).
AFFIRMED.
HUFF, THOMAS,
 and KONDUROS, JJ., concur.

[1] 
 We decide this case without oral argument pursuant to Rule 215, SCACR.