THIS
 OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS
 PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Lisa Martin, Employee, Respondent,
v.
Michelin North America, Inc., Employer, and Arch Insurance
 Company, Carrier, Appellants.
 
 
 

Worker's Compensation Commission
Appeal from the Appellate Panel

Unpublished Opinion No. 2011-UP-452
Submitted October 1, 2011  Filed October
 11, 2011

AFFIRMED

 
 
 
Matthew C. Robertson, of Columbia, for
 Appellants.
Ann McCrowey Mickle, of Rock Hill, and Stephen
 B. Samuels, of Columbia, for Respondent.
 
 
 

PER CURIAM:  Michelin North America, Inc. and Arch Insurance
 Company (collectively Employer) appeal the order of the Appellate Panel of the
 South Carolina Workers' Compensation Commission (Appellate Panel) that found
 Lisa Martin sustained compensable injuries arising from repetitive trauma to
 her shoulders while working for Employer.  Employer argues the Appellate Panel
 erred in (1) finding Martin's claim was not barred by the statute of
 limitations and (2) failing to make sufficient factual findings in its order
 concerning Employer's statute of limitations claim.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and
 the following authorities: 
1. As to whether substantial evidence supports the Appellate Panel's
 factual finding that February 25, 2008, was the date the statute of limitations
 began to run: S.C. Code Ann. § 42-15-40 (Supp.
 2010) (providing claims for a repetitive trauma injury are barred if not filed
 "within two years after the employee knew or should have known that his
 injury is compensable but no more than seven years after the last date of
 injurious exposure"); Murphy v. Owens Corning, 393 S.C. 77, 82-83,
 710 S.E.2d 454, 457 (Ct. App. 2011) (providing this court reviews the Appellate
 Panel's factual findings concerning the statute of limitations under the
 substantial evidence standard of review); Mauldin v. Dyna-Color/Jack Rabbit, 308 S.C. 18, 21-22, 416 S.E.2d 639, 640-41 (1992) (finding employee's
 claim was not barred by the statute of limitations even though she filed her
 workers' compensation claim more than two years following her initial injury
 because the statute of limitations did not begin to run until employee
 discovered she had a compensable injury).
2. As to whether the Appellate Panel made sufficient factual findings in
 its order: S.C. Code Ann. § 42-17-40(A) (Supp. 2010) (requiring the Appellate
 Panel's order to include "a statement of the findings of fact, rulings of
 law, and other matters pertinent to the questions at issue"); Brayboy
 v. Clark Heating Co., 306 S.C. 56, 58-59, 409 S.E.2d 767, 768 (1991)
 (declaring the Appellate Panel's findings of fact must be sufficiently detailed
 to enable the reviewing court to determine whether the law has been properly
 applied to those findings and whether the findings are supported by the evidence)
 (citing Able Commc'ns, Inc. v. S.C. Pub. Serv. Comm'n, 290 S.C. 409, 411,
 351 S.E.2d 151, 152 (1986)). 
AFFIRMED. 
SHORT, WILLIAMS, and GEATHERS, JJ.,
 concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.