**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Susie Henley, Employee,

v.

Otis Spunkmeyer, Employer, and Trumbull Insurance Company c/o The Hartford, Carrier, Respondents.

Ex Parte: David Henley, Appellant,

And

Jeannette Padgett, Joel Padgett, and Maurice Padgett, Respondents.

Appellate Case No. 2016-000509

───────────────

Appeal From The Workers' Compensation Commission

───────────────

Unpublished Opinion No. 2018-UP-188
Submitted April 1, 2018 – Filed May 9, 2018

───────────────

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED**

───────────────

Joyce Farr Cheeks, of Law Office of Joyce Farr Cheeks, PC, of Columbia, for Appellant.

Angela Mundi George, of McAngus Goudelock &
Courie, LLC, of Columbia, and Helen F. Hiser, of
McAngus Goudelock & Courie, LLC, of Mount Pleasant,
for Respondent Otis Spunkmeyer, Inc.

Angela Mundi George, of McAngus Goudelock &
Courie, LLC, of Columbia, for Respondent Trumball
Insurance Company c/o The Hartford.

Robert Jamison Tinsley Jr., of Greenwood, for
Respondents Jeannette Padgett, Joel Padgett, and
Maurice Padgett.

---

**PER CURIAM:** David Henley (David) appeals an order of the Appellate Panel of
the Workers' Compensation Commission (the Appellate Panel) denying him death
benefits and awarding death benefits to Jeanette Padgett, Joel Padgett, and Maurice
Padgett (collectively, the Padgetts) following the death of Susie Henley
(Claimant). On appeal, David argues the Appellate Panel erred in finding (1) he
did not qualify as a surviving spouse under section 42-9-110 of the South Carolina
Code (2015) and (2) he did not qualify as otherwise dependent under section
42-9-120 of the South Carolina Code (2015). We affirm in part, reverse in part,
and remand.[1]

1. Substantial evidence supports the Appellate Panel's finding David did not
qualify as a surviving spouse of Claimant under section 42-9-110. *See Bass v.
Isochem*, 365 S.C. 454, 467, 617 S.E.2d 369, 376 (Ct. App. 2005) ("[T]his [c]ourt's
review is limited to deciding whether the Appellate Panel's decision is unsupported
by substantial evidence or is controlled by some error of law."); *Thomas v. 5 Star
Transp.*, 412 S.C. 1, 13, 770 S.E.2d 183, 189 (Ct. App. 2015) ("Section 42-9-290
of the South Carolina Code [(Supp. 2017)] provides if an employee dies as the
result of an accident arising out of the course of employment, the employer must
provide death benefits to dependents wholly dependent on the decedent's earnings
for support."); S.C. Code Ann. § 42-9-110 (2015) ("A surviving spouse or a child
shall be conclusively presumed to be wholly dependent for support on a deceased
employee."); S.C. Code Ann. § 42-1-175 (2015) ("The term 'surviving spouse'
includes only the decedent's wife or husband living with or dependent for support
upon the decedent at the time of the decedent's death or living apart from the

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.

decedent for justifiable cause or by reason of desertion by the decedent at such time.").

2. The Appellate Panel has not made sufficiently detailed factual findings on the issue of whether David qualifies as a dependent under section 42-9-120 to allow this court to determine whether the evidence supports the findings. *See Frame v. Resort Servs. Inc.*, 357 S.C. 520, 531, 593 S.E.2d 491, 497 (Ct. App. 2004) ("The findings of fact made by the [Appellate Panel] must be sufficiently detailed to enable the reviewing court to determine whether the evidence supports the findings."); *Able Commc'ns, Inc. v. S.C. Pub. Serv. Comm'n*, 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986) ("Implicit findings of fact are not sufficient. Where material facts are in dispute, the [Appellate Panel] must make specific, express findings of fact."). The Appellate Panel made specific, express factual findings on this issue for George Williams, the Padgetts, and the Padgetts' grandchildren, but the order does not make any specific finding on this issue as to David. Therefore, we remand this issue to the Appellate Panel to make specific factual findings on whether David qualifies as a dependent under section 42-9-120. *See Frame*, 357 S.C. at 531, 593 S.E.2d at 497 ("When [the Appellate Panel] acts without first making the proper factual findings required by law, the proper procedure is to remand the case and allow the [Appellate Panel] the opportunity to make those findings."); *see also Brayboy v. Clark Heating Co.*, 306 S.C. 56, 59, 409 S.E.2d 767, 768-69 (1991) (remanding the case for specific factual findings by the Appellate Panel).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

**LOCKEMY, C.J., and WILLIAMS and KONDUROS, JJ., concur.**