# THE STATE OF SOUTH CAROLINA
## In The Supreme Court

Walterboro Community Hospital, Inc., d/b/a Colleton Medical Center, Appellant,

v.

South Carolina Department of Health and Environmental Control and Medical University Hospital Authority, d/b/a MUHA Community Authority, Respondents,

AND

Trident Medical Center LLC, d/b/a Trident Medical Center and Summerville Medical Center, Appellants,

v.

South Carolina Department of Health and Environmental Control and Medical University Hospital Authority, d/b/a MUHA Community Hospital, Respondents.

Appellate Case No. 2020-001323

———————————

Appeal from the Administrative Law Court
Ralph King Anderson, III

———————————

Opinion No. 28189
Heard October 4, 2023 – Filed January 24, 2024

———————————

**AFFIRMED**

———————————

William R. Thomas, Faye Anne Flowers, and David Beam Summer, Jr., all of Parker Poe Adams & Bernstein, LLP, of Columbia, for Appellants.

Robert L. Widener, Mary Elizabeth Crum, Celeste Tiller Jones, and Pamela A. Baker, all of Burr & Forman LLP, of Columbia, for Respondent Medical University Hospital Authority; and Ashley Caroline Biggers and Vito Michael Wicevic, of Columbia, for Respondent South Carolina Department of Health and Environmental Control.

_____

**JUSTICE FEW:** Two hospitals appeal from an administrative law court (ALC) order approving a Certificate of Need (CON) for the Medical University Hospital Authority (MUHA).  The opposing hospitals raise four issues.  First, they argue the ALC erred in holding certain errors in the review by the South Carolina Department of Health and Environmental Control (DHEC) were rendered "harmless" by the ALC's de novo review.  Second, they argue the ALC misinterpreted language in the State Health Plan.  Third, they argue the ALC erred by approving MUHA's application on the condition MUHA close a freestanding emergency department it planned to open near the proposed hospital.  Fourth, they argue the appeal bond required by section 44-7-220(B) of the South Carolina Code (2018) is unconstitutional.  As to the first three issues, we affirm the ALC.  As to the fourth issue, we hold the bond requirement is not unconstitutional.

In December 2017, MUHA applied for a CON in order to construct a new general hospital in the Nexton community in Berkeley County so it could alleviate capacity problems at its hospital in downtown Charleston.  After a comment and review period, DHEC granted the CON.  The opposing hospitals filed a petition for review by the ALC.  *See* S.C. Code Ann. §§ 44-7-210(E), 44-1-60(G) (2018).  Following a year of discovery and an eleven-day hearing, the ALC approved the CON.

The opposing hospitals originally filed notices of appeal with the court of appeals.  In May, the General Assembly amended the CON statutes and provided for direct appeal to this Court in cases arising from the ALC's review of a decision to grant or deny a CON.  Act No. 20, 2023 Acts 63, 77.  The court of appeals then transferred the case to this Court.  Several months after oral argument, the parties jointly requested the Court dismiss the appeal with prejudice and "that the appeal bond . . . be voided and returned to Appellant Trident Medical Center, LLC."  Because of the importance of several issues raised in the appeal, we decline to dismiss it as

requested. As addressed below, however, we do direct that the bond "be voided and returned" to Trident Medical Center.

In its briefs and at oral argument, DHEC conceded it violated section 304 of Regulation 61-15 (Supp. 2023). DHEC failed to timely notify MUHA and other "affected persons"[1]—including the opposing hospitals—of the relative importance of the project review criteria it would use to review the application. That notice was due on or before March 23, 2018. *See* S.C. Code Ann. § 44-7-210(A) (2018); Regs. 61-15 § 304 (Supp. 2023). DHEC did not send the notice to the parties until July 11, a mere twelve days before its final decision was required by statute. *See* S.C. Code Ann. § 44-7-210(A) (2018). Because DHEC failed to send the notice on time, the opposing hospitals had less than two weeks to prepare their responses and to provide information intended to aid DHEC in its decision. More importantly, DHEC gave itself less than two weeks to conduct a proper review and prepare an adequate decision.

"This Court has made clear that '[t]he findings of fact of an administrative body must be sufficiently detailed to enable the reviewing court to determine whether the findings are supported by the evidence and whether the law has been properly applied to those findings.'" *Spartanburg Reg'l Med. Ctr. v. Oncology & Hematology Assocs. of S.C., LLC*, 387 S.C. 79, 91, 690 S.E.2d 783, 789 (2010) (quoting *Able Communications, Inc. v. S.C. Pub. Serv. Comm'n,* 290 S.C. 409, 411, 351 S.E.2d 151, 152 (1986)). DHEC's final decision was a mere five pages long and contained only bare, unexplained conclusions. For example, DHEC did not analyze the adverse effects the proposed hospital could have on other healthcare facilities. That is so even though the State Health Plan—which DHEC itself wrote[2]—states that for general hospitals, one of the seven most important project review criteria is "adverse effects." Multiple affected persons presented DHEC with evidence and arguments showing they would be adversely affected by the proposed hospital, yet DHEC never

---

[1] "Affected person" is a defined term that includes "the applicant" and "persons located in the health service area in which the project is to be located and who provide similar services to the proposed project." S.C. Code Ann. § 44-7-130(1) (2018). By statute, affected persons have certain rights of notice and appeal in CON cases. *See* S.C. Code Ann. § 44-7-210 (2018).

[2] S.C. Code Ann. § 44-7-180(B) (2018) ("With the advice of the health planning committee, the department shall prepare a South Carolina Health Plan for use in the administration of the Certificate of Need program provided in this article.").

addressed those concerns. Instead, DHEC wrote without any explanation or analysis, "[MUHA] justified . . . the potential adverse impact of the new hospital." Despite the thirty-three project review criteria DHEC itself established by regulation, Regs. 61-15 § 802 (Supp. 2022), DHEC explained its analysis of only four criteria in its decision. DHEC's decision is patently insufficient and constitutes an abdication of the responsibility the General Assembly placed on DHEC.

Nonetheless, DHEC's flawed decision and review procedure are saved by the ALC's de novo review. *See Unisys Corp. v. S.C. Budget & Control Bd. Div. of Gen. Servs. Info. Tech. Mgmt. Off.*, 346 S.C. 158, 174, 551 S.E.2d 263, 272 (2001) ("An adequate *de novo* review renders harmless a procedural due process violation based on the insufficiency of the lower administrative body." (citing *Ross v. Med. Univ. of South Carolina,* 328 S.C. 51, 492 S.E.2d 62 (1997)). The ALC was repeatedly clear that MUHA justified the CON based on expert testimony, patient origin data, and adverse effects analyses. The ALC found that, while there would be some adverse effects to the opposing hospitals, the impact was justified by the increased access the proposed hospital would bring. We also agree with the ALC's interpretation of Standard 5 of the State Health Plan. MUHA had to justify need and adverse impact of the "new hospital at the chosen site" based on the service area as a whole.

We are unbothered by the ALC's alleged "conditioning" of the CON on MUHA closing the planned freestanding emergency department. MUHA has sworn to this Court it will comply with the ALC's order and will not operate both the proposed hospital as well as the proposed emergency department. If MUHA fails to live up to its promise, the courts will deal with that appropriately at that time.

We emphasize that DHEC—not the ALC—is responsible for administering the CON program. S.C. Code Ann. § 44-7-140 (2018). The General Assembly gave DHEC the authority and responsibility to determine when an application complies "with the South Carolina Health Plan, Project Review Criteria, and other regulations." *See* S.C. Code Ann. § 44-7-210(B) (2018). In the future, DHEC must carefully perform that responsibility, even if the ALC's review in this case shows MUHA adequately supported the CON.

Finally, the bond required by section 44-7-220(B) is not unconstitutional. First, the opposing hospitals are statutory affected persons. They are not the type of litigants bound by an agency decision that article I, section 22 of the South Carolina Constitution was intended to protect. *See* S.C. Const. art. I, § 22 ("No person shall be finally bound by a judicial or quasi-judicial decision of an administrative agency affecting private rights except on due notice and an opportunity to be heard . . . and

he shall have in all such instances the right to judicial review."). Second, and relatedly, there is a rational basis for treating differently a party opposing an approved CON and a party appealing the denial of its own CON application. In the first instance, the opposing party requests judicial undoing of an expert judgment a CON application complies with the State Health Plan and project review criteria. In the second instance, the applying party is seeking review of the denial of a right to which it claims to be entitled. Those are rational classifications, and the bond requirement advances the purposes of the CON statutes. *See Lee v. S.C. Dep't of Nat. Res.*, 339 S.C. 463, 467, 530 S.E.2d 112, 114 (2000) ("To satisfy the Equal Protection Clause, a classification must (1) bear a reasonable relation to the legislative purpose sought to be achieved, (2) members of the class must be treated alike under similar circumstances, and (3) the classification must rest on some rational basis.").

Nevertheless, we appreciate the parties' attempt to settle their dispute over the posting of the bond and we accept their agreement to have it "voided and returned." We direct—as requested—"that the appeal bond . . . be voided and returned to Appellant Trident Medical Center, LLC."

**AFFIRMED.**

**BEATTY, C.J., KITTREDGE, JAMES, JJ., and Acting Justice Blake A. Hewitt, concur.**